UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS, et. al.,

                Plaintiffs,               Case No.: 12-cv-10308
                                                    Honorable Mark A. Goldsmith
      v.                                        Magistrate Judge David R. Grand

WILMINGTON FINANCE/AIG, et. al.,

                Defendants.
_____/

## REPORT AND RECOMMENDATION TO DENY PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [51]

Before the court is plaintiffs' motion for default judgment against defendants Mortgage Electronic Registration System Inc., U.S. Bank National Association ND, and Carmen Oien ("defendants") [51][1]. The non-dispositive portions of plaintiffs' motion (and those in her other nearly identical motion, Doc. #50) have been ruled upon in a separate order. [89]. This matter has been referred to this court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999) (treating motions for default judgment as dispositive motions under 28 U.S.C. § 636).

On March 30, 2012, plaintiffs requested, under Federal Rule of Civil Procedure 55(a), that the Clerk of the Court enter default against defendants for allegedly failing to timely answer or otherwise defend against the plaintiffs' complaint. [26, 27, 29]. The Clerk, citing a motion to dismiss filed by defendants on that same day [30] denied plaintiffs' request. [44, 45, 47, 48, 49]. Plaintiffs then moved this court to strike defendants' motion to dismiss as untimely, and to enter a default judgment against defendants. [51]. In a separate order, this court found that defendants' motion to dismiss was timely filed, and thus denied plaintiffs' motion to strike. [89].

---

[1] *See also* Doc. #89 at 1, fn. 1.

As plaintiffs' instant motion for default judgment was not preceded by the entry of a default, and is based on the incorrect assertion that defendants' motion to dismiss was filed untimely [51 at ¶¶1-5], the court **RECOMMENDS** that plaintiffs' motion for default judgment [51] be **DENIED**. *See Heard v. Caruso*, 351 F.Appx. 1, 15-16 (6th Cir. 2009) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).") (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §2682, at 13 (3d ed. 1998)); Fed. R. Civ. P. 55(a) (noting that a "default," the precursor to a default judgment, can only be entered against a party who "has failed to plead or otherwise defend…").

Dated: April 10, 2012  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## **CERTIFICATE OF SERVICE**

      The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 10, 2012.

                                      s/Felicia M. Moses
                                      FELICIA M. MOSES
                                      Case Manager