UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS, et. al.,

                Plaintiffs,                Case No.: 12-cv-10308
                                                  Honorable Mark A. Goldsmith
v.                                       Magistrate Judge David R. Grand

WILMINGTON FINANCE/AIG, et. al.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT BANK OF
AMERICA N.A.'S MOTION TO SET ASIDE ENTRY OF DEFAULT [82]
AND TO DENY PLAINTIFFS' MOTION FOR DEFAULT JUDGMENT [87]**

**I.    REPORT**

Before the court is defendant Bank of America, N.A.'s ("BOA") Motion to Set Aside Entry of Default [82] and plaintiffs' "Motion to Deny and Dismiss [BOA's] Motion to Set Aside Default," which the court treats as a motion for default judgment [87][1]. This matter has been referred to this court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). *See Callier v. Gray*, 167 F.3d 977, 981 (6th Cir. 1999) (treating motions for default judgment as dispositive motions under 28 U.S.C. § 636). For the reasons cited below, the court **RECOMMENDS** that BOA's Motion be **GRANTED** and plaintiffs' motion be **DENIED**.

**II.    RECOMMENDATION**

    **A.    Background**

A March 8, 2012 docket entry in this case indicates that on that date the U.S. Marshal mailed a copy of plaintiffs' complaint to BOA. *See* 3/08/12 docket entry. On March 30, 2012,

---

[1] Plaintiffs previously filed identical motions docketed as Document Nos. 83 and 84, the latter of which was docketed as a motion for default judgment. Those motions were stricken because they were mistakenly captioned as being against U.S. Bank, which is not in default. Apparently recognizing this mistake, plaintiffs re-filed the same motion as Document No. 87 against BOA.

plaintiffs requested, under Federal Rule of Civil Procedure 55(a), that the Clerk of the Court enter default against BOA for allegedly failing to timely answer or otherwise defend against the plaintiffs' complaint [24]. The Clerk entered a default against BOA on April 4, 2012 [42]. On that same day, plaintiffs filed a Request for Clerk's Entry of Default Judgment against BOA, in the amount of $15 million [56]. On April 5, 2012, the Clerk denied plaintiffs' request, citing the fact that a statement setting forth a sum certain or a sum that could be made certain by computation was missing from the request [70]. On April 6, 2012, Bank of America filed the instant motion to set aside the Clerk's entry of default, arguing that it was improperly served and that, even if service had been proper, good cause exists to set aside the default [82]. Plaintiffs responded, stating that service was effected by the U.S. Marshals Service, that BOA failed to timely answer the complaint, that plaintiffs would be prejudiced by setting aside the default, and that "[d]efault is appropriate." [87].

**B.  Analysis**

Federal Rule of Civil Procedure 55(a) permits the Clerk of the Court to enter a default when a party fails to defend an action as required by Rule 12(a)(1)(A) (requiring a party to answer a complaint within twenty-one days of service).  Only after such a default has been entered may a party obtain a default judgment pursuant to Rule 55(b). *See Heard v. Caruso*, 351 F.Appx. 1, 15-16 (6th Cir. 2009) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule 55(a).") (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §2682, at 13 (3d ed. 1998)).  Thus, the court will first address BOA's motion to set aside the default entered against it.

"It is important to distinguish between an entry of default and a default judgment," as the

latter requires a stricter standard of review in order to be overturned. *O.J. Distribution, Inc. v. Hornell Brewing Co.*, 340 F.3d 345, 353 (6th Cir. 2003) (quotations and citations omitted). Here, default judgment has not yet been entered, only an entry of "default," and "[t]he district court enjoys considerable latitude under the 'good cause shown' standard of Rule 55(c) to grant a defendant relief from a default entry." *Id.* (quotations and citations omitted). Under this standard, the court considers whether "(1) the default was willful, (2) set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Id.* (citations omitted). However, these three factors only require consideration when service of process is properly effected because without proper service the court has no jurisdiction to take any action over the defendant, including entering a default. *Id.* at 353, 355. *See also Harper v. ACS-Inc.*, No. 10-12112, 2010 WL 4366501, at *3 (E.D. Mich. Oct. 28, 2010) (citing *Omni Capital Int'l Ltd. v. Rudolph Wolff & Co., Ltd.*, 484 U.S. 97, 104 (1987)).

Here, BOA asserts that the Clerk's entry of default was improper because it was not properly served with the plaintiffs' complaint and summons in accordance with the Federal Rules of Civil Procedure. BOA alleges that the complaint and the summons were served upon its general corporate address by mail. In their response/motion, plaintiffs do not dispute this, but simply aver that the complaint and summons were served "in accordance with the provisions of Rule 55(b)(2) . . . by the United States Marshals Service upon [BOA]" and that BOA did not respond to the complaint within the time permitted under the rules. [87 at 1]. The court rejects plaintiffs' argument as they cite an inapposite rule (Rule 55(b)(2) has nothing to do with the manner in which service of process can be effectuated), and their position otherwise lacks merit.

In an order dated April 9, 2012 in this action, this court set forth the analysis to determine when and how service upon a corporation is proper, and it incorporates here by reference the full

3

analysis therein. *See* Doc. #89. As fully explained in that order, Federal Rule of Civil Procedure 4(h) does not envision service by mail as being a proper way of serving a corporation with a complaint and summons unless the law of the state in which the district court sits, or the law of the state in which service was effected, so permits. As further stated in the order, Michigan law does not permit service of process to a corporation by mail alone, certified or otherwise. Mich. Court R. 2.105(D). Thus, to determine whether service by mail was proper in this instance, the court must look to the state where service was attempted.

Defendant BOA states that it is located in North Carolina. [82 at 6 of 14]. Plaintiffs do not dispute this, and this fact is confirmed by the address plaintiffs provided to the court and the U.S. Marshals Service [10]. The law of North Carolina states that a corporation may be served in one of the following ways:

> (a). By delivering a copy of the summons and of the complaint to an officer, director, or managing agent of the corporation or by leaving copies thereof in the office of such officer, director, or managing agent with the person who is apparently in charge of the office.
>
> (b). By delivering a copy of the summons and of the complaint to an agent authorized by appointment or by law to be served or to accept service of process or by serving process upon such agent or the party in a manner specified by any statute.
>
> (c) By mailing a copy of the summons and of the complaint, registered or certified mail, return receipt requested, addressed to the officer, director or agent to be served as specified in paragraphs a and b.
>
> (d). By depositing with a designated delivery service authorized pursuant to 26 U.S.C. § 7502(f)(2) a copy of the summons and complaint, addressed to the officer, director, or agent to be served as specified in paragraphs a. and b., delivering to the addressee, and obtaining a delivery receipt. As used in this sub-subdivision, "delivery receipt" includes an electronic or facsimile receipt.

N.C.G.S. § 1A-1, Rule 4(j)(6). Thus, while North Carolina law does permit service of process to corporations by mail, the mail must be sent either registered or certified, and must be addressed

to the specific officer, director or agent to be served. *Id.*

Here, plaintiffs' filing stated that the correct address for service upon BOA was the general corporate address, and their filing did not list a specific officer, director or agent [10]. Thus, the U.S. Marshals Service's mailing of the complaint and summons to the general corporate address for BOA was not proper service.[2] *Lane v. Winn-Dixie Charlotte, Inc.*, 609 S.E.2d 456, 460 (N.C. Ct. App. 2005). Because service was improper, it did not convey personal jurisdiction over BOA in this court. *See Amen v. Dearborn*, 532 F.2d 554, 557 (6th Cir. 1976); *O.J. Distrib.*, 340 F.3d at 353; *Harper*, 2010 WL 4366501 at *3. Thus, BOA was not required to answer the complaint and cannot be found in default for failing to timely do so.[3] *Id.*; Fed. R. Civ. P. 12(a)(1)(A) (defendant must serve its answer "within 21 days after being served with the summons and complaint…"); Fed. R. Civ. P. 55(a) (a "default," the precursor to a default judgment, can only be entered against a party who "has failed to plead or otherwise defend…"). Accordingly, BOA's motion to set aside the default [82] entered against it should be granted.

Because BOA cannot be deemed in default, the court need not further address plaintiffs' motion for default judgment, as there is no default upon which to enter judgment. *See Heard*, 351 F.Appx. at 15-16. Accordingly, plaintiffs' motion for default judgment [87] should be denied.

---

[2] In addition, while BOA does not so argue, it is unclear whether the attempt at service by mail was done by certified mail, as plaintiff attests [24]. The court notes that the acknowledgements of service filed with this court's April 9, 2012 order indicate that service upon other defendants in this case was attempted by United States Postal Service Priority Mail. *See* Doc. # 89, Exh. 1. It appears that all defendants were served in the same manner by the U.S. Marshals Service. *See* 3/8/12 docket entry (providing notice by the U.S. Marshal of "mailing" plaintiffs' complaint to defendants, including those at issue in the court's April 9, 2012 order and BOA).

[3] However, BOA, in its motion, stated that despite the lack of proper service, it does intend to defend the case on its merits, and intends to file its responsive pleading by May 2, 2012.

## C. Conclusion

For the reasons set forth above, the court **RECOMMENDS** that BOA's Motion to Set Aside Default [82] be **GRANTED** and plaintiffs' Motion for Default Judgment [87] be **DENIED**.

Dated: April 10, 2012  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 10, 2012.

s/Felicia M. Moses  
FELICIA M. MOSES  
Case Manager