UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS, et. al.,

        Plaintiffs,        Case No.: 12-cv-10308
                                Honorable Mark A. Goldsmith
v.                            Magistrate Judge David R. Grand

WILMINGTON FINANCE/AIG, et. al.,

        Defendants.
_____/

**REPORT AND RECOMMENDATION TO SEVER
CLAIMS OF JAMES JETSON JR. FOR MISJOINDER,
AND TO *SUA SPONTE* DISMISS HIS COMPLAINT [12]
FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.    REPORT**

Before the court is plaintiff James Jetson Jr.'s complaint [12], which he filed as a notice of joinder/concurrence in the "joinder complaint" [1] filed by plaintiffs Grace Adams and Ronald Kerkstra. However, Jetson's complaint is brought against different defendants and concerns a different piece of property than the ones involved in the Adams/Kerkstra complaint. Thus, for the reasons that follow, the court **RECOMMENDS** that Jetson's cause of action be **SEVERED** for misjoinder, and that his complaint be **DISMISSED** for lack of subject matter jurisdiction.

**II.    RECOMMENDATION**

    **A.    Background**

On January 24, 2012, plaintiffs Adams and Kerkstra filed a "joinder complaint" against defendants Wilmington Finance/AIG, U.S. Bank N.A./U.S. Bancorp, LAMCO, Carmen Oien, Bank of America, Mortgage Electronic Registration System, Inc., and Jonathan Rosenthal for alleged violations of consumer protection laws regarding foreclosure and eviction proceedings

on separate pieces of property located in Michigan. On March 1, 2012, Jetson filed what was docketed as a "Notice of Joinder/Concurrence" in the Adams/Kerkstra complaint, but his actual filing purports to be a separate "joinder complaint" which alleges claims against defendants W.J. Coulson, Jr., Lawrence Woods, Lee Edwards Woods, Jr., Pamela Joyce Woods Williams, and against Etoco Inc., Atlantic Richfield Company, Equistar Chemical, Ballard Exploration, and the City of Houston for fraud, forgery, trespass, ejectment, child support,[1] and unpaid oil and mineral rights royalties, all allegedly arising from a purported wrongful foreclosure. [12 at ¶¶1, 6-7]. Jetson seeks injunctive relief and $100 billion in monetary damages against those defendants. *Id.* at ¶14. According to the addresses the court has on file, Jetson resides in Texas, the property at issue is located in Texas, and all of the defendants he seeks to sue, except for defendant Atlantic Richfield, are located in Texas. None of the defendants in the Adams/Kerkstra complaint are included in the body of Jetson's complaint.

B. Analysis

  1. *Misjoinder*

Federal Rule of Civil Procedure 21 holds that "on a motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. *See also Morgan v. Cohen*, No. 11-11780, 2011 U.S. Dist. LEXIS 64407 at *5, 2011 WL 2461470 (E.D. Mich. June 16, 2011). Joinder of parties is governed by Federal Rules of Civil Procedure 19 and 20, relating to required joinder and permissive joinder, respectively.

  a. **Joinder is Not Proper under Rule 19**

Rule 19 governs required joinder of parties, and states that parties must be joined if "in that person's absence, the court cannot accord complete relief among existing parties; or that

---

[1] The relationship between the child support claim and the alleged wrongful foreclosure is unclear.

2

person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: . . . impair or impede the person's ability to protect the interest; or leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

The Sixth Circuit uses a three-part test to evaluate whether an absent party must be joined to a suit. *Sch. Dist. V. Sec'y of the United States Dept. of Educ.*, 584 F.3d 253, 301 (6th Cir. 2009). A court must first determine whether the party to be joined is a required party. *Id.* If the party is required, then the question turns to whether joinder is feasible, or if lack of jurisdiction (subject matter or personal) makes joinder impossible. *Id.* Finally, if joinder is not possible, equities must be weighed to determine if the suit can continue in the party's absence. *Id.*

Here, the court need not reach the second and third factors, as it is clear that neither Jetson nor the defendants he seeks to sue are "necessary" parties to the original complaint in this case. As the Sixth Circuit explained, necessary parties "are those 'persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'" *Id.* quoting 7 Wright & Miller, *Federal Practice &* Procedure § 1604 (3d ed. 2009). Plaintiffs Adams and Kerkstra's complaint involves wholly separate defendants and separate pieces of property from that cited in Jetson's complaint. Jetson is not implicated in, nor does he have any interest in, the outcome of the instant action. The same is true with respect to the defendants he seeks to sue. In short, it is clear that resolution of the allegations in the Adams/Kerkstra complaint would have no effect on either Jetson or any of the defendants he seeks to sue. As such, required joinder is not an issue in this case.

### b. Joinder is Not Proper under Rule 20

Permissive joinder is governed by Fed. R. Civ. P. 20. Plaintiffs may be joined in an action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Defendants may be joined if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Sixth Circuit has interpreted the term "transaction" broadly to "avoid a multiplicity of suits." *Lasa Per L'Industria Del Maro Society Pero Azioni v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969). A "logical relationship" must exist among the parties to be joined. *Id.*

Here, however, there is no logical relationship among the parties. There is no actual or inferential connection between the transactions out of which plaintiffs Adams' and Kerkstra's claims arise,[2] let alone between their respective transactions and the transaction that is the subject of Jetson's complaint. As noted above, Jetson's claims involve wholly different defendants, different properties and different underlying facts. The only common fact is that all three plaintiffs' allegations arise from alleged wrongful foreclosures. There is not even any joint relief sought, nor could there be, as plaintiffs Adams and Kerkstra have not alleged any claims against any of the defendants plaintiff Jetson seeks to sue, or vice versa. Further, there is no question of fact common to these plaintiffs, and any common question of law that may be resolved (to the extent one exists, which this court does not purport to assume on this record) is

---

[2] That issue will be dealt with in a separate Report and Recommendation.

not sufficient to tie these plaintiffs together in one action. *See Thompson*, 33 F.3d at 858 (denying joinder where alleged incidents differed by type and year, and injuries were separate and distinct even where claims had common defendants); *Moore v. Mossbarger*, No. 01-440, 2010 U.S. Dist. LEXIS 121690 at *1-2 (S.D. Tex. Nov. 17, 2010) (denying joinder where no claim arises out of same occurrence). Because plaintiffs are not properly joined in this action, there is no need to address whether defendants would have otherwise been properly joined, though it is clear from the above analysis that they would not.

In short, the attempt by Jetson to join himself and the proposed defendants in this action constitutes a misjoinder. In such a case, the court may sever the actions. Fed. R. Civ. P. 21 states: "On a motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against party." Therefore, this court recommends that plaintiff James Jetson's suit be severed from this action and proceed as a separate action, as it is improperly joined to the present action.

### 2. *Dismissal of Plaintiff's Complaint for Lack of Subject Matter Jurisdiction*

This court also recommends that plaintiff Jetson's complaint be dismissed *sua sponte* for lack of subject matter jurisdiction. Once a complaint is filed *in forma pauperis* [19] under 28 U.S.C. § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if the court finds that the case is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Furthermore, a federal court may dismiss a complaint *sua sponte* if it lacks subject matter jurisdiction over the claims. Fed. R. Civ. P. 12(h); *Janis v. Ashcroft*, 348 F.3d 491, 493 (6th Cir. 2003).

In his complaint, plaintiff Jetson alleges that this court has diversity jurisdiction over his

claims pursuant to 28 U.S.C. § 1332. [12 at ¶3]. Under that provision, the court has jurisdiction to hear causes of action where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. To invoke jurisdiction under this provision, there must be "complete diversity" meaning that no plaintiff may be a citizen of the same state of which any defendant is a citizen. *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) *citing Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996). That rule is violated here, as plaintiff Jetson resides in Texas, and according to the addresses plaintiffs provided the court for service of process, all of the defendants he proposes to sue either reside or have their principal places of businesses there, with the exception of defendant Atlantic Richfield, which is located in California. [10]. Because there is no diversity of citizenship between Jetson, on the one hand, and all defendants, on the other hand, this court lacks subject matter jurisdiction over his action under 28 U.S.C. § 1332.

As Jetson is proceeding *pro se*, this court will grant his complaint more leniency than a complaint drafted by an attorney, and it will therefore consider whether it could conceivably have federal question jurisdiction over Jetson's claims under 28 U.S.C. § 1331. *See West v. Adeco Empl. Agency*, 124 Fed. Appx. 991, 992 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S. 519, 520 (1972)) (complaints of *pro se* litigants construed with leniency). Such jurisdiction is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007).

Here, no such jurisdiction exists. Jetson's claims, allegedly arising from a wrongful foreclosure on his property, include trespass of title, wrongful possession of property, unpaid property taxes owed to the State of Texas,[3] unpaid child support payments, fraud, forgery and

---

[3] Regarding Jetson's claim for unpaid property taxes, the court notes that if he is alleging claims

unpaid mineral rights royalties, none of which invokes a question of federal law. *See Nahno-Lopez v. Houser*, 627 F. Supp. 2d 1269, 1277 n.4 (W.D. Okla. 2009) (trespass is a state law theory of liability); *Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 10-1321, 2010 U.S. Dist. LEXIS 121311 at *8-9, 2010 WL 4627833 (N.D. Tx. Nov. 16, 2010) (holding that claim of wrongful possession of property raises no federal claim or issue); *Steele v. Steele*, No. 10-40, 2011 U.S. Dist. LEXIS 62333 at *10, 2011 WL 2413400 (E.D. Ky. June 10, 2011) (child support is state law issue); *Kimsey v. Brown & Root Const. Co.*, 805 F.2d 1034 (6th Cir. 1986) (fraud is a state law claim); *McMillan v. Miller*, No. 03-420, 2009 U.S. Dist. LEXIS 111847 at *4, 2009 WL 4573971 (E.D. Tenn. Dec. 2, 2009) (forgery is a state law claim); *Adkins v. Dorcheat Land & Timber Co. LLC*, No. 07-0749, 2009 U.S. Dist. LEXIS 33909 at *7 (W.D. La. Apr. 22, 2009) (mineral rights dispute between private parties is an issue of state law). Furthermore, Jetson's complaint does not name any federal agency as a defendant, nor does it assert the violation of any federal regulation that could possibly, though not necessarily, have the effect of invoking federal question jurisdiction. Because Jetson's complaint does not allege facts that invoke a federal question, this court does not have jurisdiction to hear his claims under 28 U.S.C. § 1331, and his complaint should be dismissed.

---

regarding the foreclosure of his property for his own failure to pay property taxes, the Tax Injunction Act bars federal jurisdiction of his claim. *See Jones v. Wojtowicz*, No. 11-11459, 2011 U.S. Dist. LEXIS 116848 at *5-7, 2011 WL 4695691 (E.D. Mich. Sept. 2, 2011) *adopted by* 2011 U.S. Dist. LEXIS 115450, 2011 WL 4634236 (E.D. Mich. Oct. 6, 2011) (Tax Injunction Act holds that the "district court shall not enjoin, suspend or restrain the assessment, levy or collection of any tax under State law where a plain, speedy and efficient remedy may be had in the courts of such State."); *see also Clark v. Andrews County Appraisal Dist.*, 76 Fed. Appx. 525, 526 (5th Cir. 2003) (holding that Texas state courts provide plaintiffs with plain, speedy and efficient remedies and thus federal courts are barred from reviewing such claims under the Tax Injunction Act). If, instead, he is alleging that the new owners of his former property are failing to pay taxes owed on the property, of which he currently holds no interest, he apparently would lack standing to make such a claim.

## C. Conclusion

For the foregoing reasons, this court **RECOMMENDS** that Jetson's claims be **SEVERED** from the other claims in this action, and that his complaint [12] be **DISMISSED** for lack of subject matter jurisdiction.

Dated: April 13, 2012  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 13, 2012.

s/Felicia M. Moses  
FELICIA M. MOSES  
Case Manager