UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS, et. al.,

                Plaintiffs,                Case No.: 12-cv-10308
                                                    Honorable Mark A. Goldsmith
                v.                                Magistrate Judge David R. Grand

WILMINGTON FINANCE/AIG, et. al.,

                Defendants.
_____/

### REPORT AND RECOMMENDATION TO SET ASIDE CLERK'S ENTRIES OF DEFAULT [43, 46, 72, 74, 76, 78, 80] AND TO DENY PLAINTIFFS' MOTION FOR ENTRY OF DEFAULT FINAL JUDGMENT [85, 86]

**I.    REPORT**

Before the court is plaintiffs' Motion for Default Judgment against defendants Jonathan Rosenthal, Lee Edward Woods, Jr., Lawrence A. Woods, Pamela Joyce Woods Williams, LAMCO, W.J. Coulson, Jr., Etoco Inc., Ballard Exploration Company, Inc., and the City of Houston, Harris County, Texas ("defendants")[1] [85]. Plaintiffs also docketed a separate "motion"/proposed judgment [86], which the court treats as part of the underlying motion. This matter has been referred to this court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B). For the following reasons, the court **RECOMMENDS** that the Clerk's Entries of Default [43, 46, 72, 74, 76, 78, 80] be **SET ASIDE** and that plaintiffs' Motion for Entry of Default Final Judgment [85, 86] be **DENIED** without prejudice.

---

[1] Plaintiffs also include Bank of America and Bank of America NA in their motion. However, the issue of default against both of those defendants was addressed in this court's report and recommendation of April 10, 2010, recommending the granting of Bank of America's motion to set aside the entry of default, and denial of plaintiffs' motion for default judgment [91]. The court incorporates those recommendations here.

## II. RECOMMENDATION

### A. Background

On March 30, 2012, plaintiffs requested, under Federal Rule of Civil Procedure 55(a), that the Clerk of the Court enter default against all of the above-named defendants, except for defendants Etoco and the City of Houston, for allegedly failing to timely answer or otherwise defend against the plaintiffs' complaint [25, 28, 58, 60, 62, 64, 66]. The Clerk made entries of default against those defendants [43, 46, 72, 74, 76, 78, 80]. Plaintiffs then requested that the Clerk enter default judgment against defendants, including defendant Etoco (but not the City of Houston), attaching purported "sum certain" affidavits ranging from $5 million to $100 billion pursuant to Fed. R. Civ. P. 55(b)(1) [40, 53, 54, 55, 57, 59, 61, 63, 65, 67]. The Clerk denied those requests citing, for defendant Etoco, that no entry of default had been made against that defendant [71] and, with regard to the other defendants, that a proper statement setting forth a sum certain or a sum that could be made certain by computation was missing [68, 69, 73, 75, 77, 79, 81]. Plaintiffs then filed the instant motion for default judgment under Fed. R. Civ. P. 55(b)(2) against all of the above-named defendants.

### B. Analysis

First, with regard to defendants Etoco and the City of Houston, default judgment is not appropriate because there has been no entry of default against either defendant. *See Colston v. Cramer*, No. 07-12726, 2008 U.S. Dist. LEXIS 14061 at *4-5, 2008 WL 559579 (E.D. Mich. Feb. 26, 2008) (noting that the court follows "the majority of courts" holding that Rule 55 "requires a clerk's entry of default before a court can enter a default judgment."); *Heard v. Caruso*, 351 Fed.Appx. 1, 15-16 (6th Cir. 2009) ("Prior to obtaining a default judgment under either Rule 55(b)(1) or Rule 55(b)(2), there must be an entry of default as provided by Rule

55(a).") (quoting 10A Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, Federal Practice and Procedure §2682, at 13 (3d ed. 1998)).

Additionally, on April 13, 2012, the court entered a report and recommendation for the dismissal of the claims asserted against all of the above-referenced defendants other than Rosenthal and LAMCO because it lacks subject matter jurisdiction over those claims. [93]. Without subject matter jurisdiction over the claims against those defendants, no entry of default or default judgment against them would be proper. *Kiesgen v. St. Clair Marine Salvage, Inc.*, 724 F.Supp.2d 721, 729 (E.D. Mich. 2010) (where "Court is without subject matter jurisdiction over the case, [] its actions while the case was pending are a nullity.") (citing *U.S. Fidelity & Guar. Co. v. Thomas Solvent Co.*, 955 F.2d 1085, 1087 (6th Cir.1992) (where the Court did not have diversity jurisdiction over the case, all actions in the district court were void)).

Finally, one additional ground supports setting aside all of the Clerk's entries of default and denying plaintiffs' motion as to all of the above-named defendants. As plaintiffs are proceeding *pro se*, they requested, and this court ordered pursuant to Fed. R. Civ. P. 4(c)(3), that service on defendants be effected by the U.S. Marshals Service. Review of the pleadings in this case shows that the complaint and summonses were given to the U.S. Marshals Service on March 7, 2012, for service and that the Marshals Service mailed the complaint and summons to defendants on March 8, 2012. As of this date, however, there have been no entries on the docket showing that any of the above-named defendants have actually been served. Under Fed. R. Civ. P. 4(l)(1), "unless service is waived, proof of service must be made to the court." The Marshals Service has not returned any summons of the above defendants as having been executed. It has returned two summonses of other defendants as unexecuted for incorrect addresses. (*See* Doc. entry of 3/30/12 re: Wilmington Financial and Atlantic Richfield). Thus, to the extent there is no

evidence that any of the above-named defendants have been properly served, this court maintains no jurisdiction over them and thus no default or default judgment can be entered against them. *Washington v. Doe*, No. 04-10352, 2007 U.S. Dist. LEXIS 101860 at *2, 2007 WL 5174829 (E.D. Mich. Nov. 28, 2007) (magistrate's report and recommendation) (default not appropriate because no document on docket by Marshals Service that defendant had been served); *Ignition Athletic Performance Group, LLC v. Speed City Int'l Corp. et. al.*, No. 06-242, 2006 U.S. Dist. LEXIS 43347 at *5-6 (S.D. Ohio June 27, 2006) (entry of default judgment inappropriate where no notices of returns of summons or alternative proofs of service have been entered on the docket); *Conn v. Wilkinson, et. al.*, No. 05-699, 2006 U.S. Dist. LEXIS 69071 at *15-16 (S.D. Ohio Sept. 26, 2006) (Marshals Service form requesting service not sufficient for proof of service, proof of service requires return of service).[2]

Accordingly, for all of the above reasons, the Clerk's entries of default [43, 46, 72, 74, 76, 78, 80] should be set aside, and the plaintiffs' Motion for Default Judgment [85, 86] should be denied.

---

[2] The court also notes that, to the extent service was attempted via first class or priority United States Postal Mail, it is not an effective form of service of process under either Fed. R. Civ. P. 4, or under Michigan law, in which this court resides and defendant Rosenthal is located, or under the laws of Texas or Colorado, where the other defendants are located. (*See* generally this court's April 9, 2012 order [89] for explanation of Federal and Michigan law; *see also* Tex. R. Civ. P. 106(a)(2) (requiring service on either individual or corporation only by registered or certified mail, return receipt requested); *Ayika v. Sutton*, 378 Fed. Appx. 432, 434 (5th Cir. 2010) (stating the same); C.R.C.P. 4(e)(4) (personal service required for a corporation); *Burris v. U.S. Bank N.A.*, No. 10-00670, 2010 U.S. Dist. LEXIS 141270 at *10, 2010 WL 5824279 (D. Colo. Sept. 29, 2010) (holding that service of a corporate defendant via certified mail not proper); Thus, to the extent that plaintiffs seek to have service reattempted on these defendants, such service must be via a method permitted by either Federal law or the law of either Michigan or the state in which that particular defendant is located.

### C. Conclusion

For the foregoing reasons, this court **RECOMMENDS** that the Clerk's entries of default [43, 46, 72, 74, 76, 78, 80] be **SET ASIDE**, and that the plaintiffs' Motion for Default Judgment [85, 86] be **DENIED** without prejudice.

Dated: April 13, 2012  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

### NOTICE

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 13, 2012.

s/Felicia M. Moses  
FELICIA M. MOSES  
Case Manager