UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS, et. al.,

                Plaintiffs,            Case No.: 12-cv-10308
                                                 Honorable Mark A. Goldsmith
v.                                Magistrate Judge David R. Grand

WILMINGTON FINANCE/AIG, et. al.,

                Defendants.

_____/

**REPORT AND RECOMMENDATION TO
DENY DEFENDANT ROSENTHAL'S MOTION
TO SET ASIDE ENTRY OF DEFAULT AS MOOT [97]**

**I.    REPORT**

Before the court is defendant Jonathan Rosenthal's Motion to Set Aside Entry of Default. [97]. For the following reasons, the court RECOMMENDS that defendant Rosenthal's motion be DENIED as moot.

**II.    RECOMMENDATION**

On April 4, 2012, a Clerk's Entry of Default was entered against defendant Rosenthal in this action. [46]. On April 13, 2012, defendant Rosenthal filed the instant motion requesting the court set aside that default for improper service and also for good cause. [97]. On that same day, this court entered a Report and Recommendation to set aside the Entry of Default as to Rosenthal and a number of other defendants, for a lack of proof of service. [98 at 3-4]. Because this court has already recommended that the Entry of Default against defendant Rosenthal be set aside, the court **RECOMMENDS** that his instant Motion to Set Aside Entry of Default [97] be **DENIED** as moot.

| Dated: April 16, 2012 | s/David R. Grand |
| --- | --- |
| Ann Arbor, Michigan | DAVID R. GRAND |
| | United States Magistrate Judge |

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir. 1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 16, 2012.

s/Felicia M. Moses<br>
FELICIA M. MOSES<br>
Case Manager