UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS, et. al.,

                Plaintiffs,         Case No.: 12-cv-10308
                                                Honorable Mark A. Goldsmith
       v.                                    Magistrate Judge David R. Grand

WILMINGTON FINANCE/AIG, et. al.,

                Defendants.

_____/

## REPORT AND RECOMMENDATION TO DENY EMERGENCY INJUNCTION AGAINST FEDERAL NATIONAL MORTGAGE ASSOCIATION [101]

**I.**    **RECOMMENDATION**

This matter is before the court for a report and recommendation pursuant to an order of the district court referring all pretrial matters to this court [9]. On March 23, 2012, plaintiffs attempted to join the Federal National Mortgage Association, (otherwise known as Fannie Mae), as a defendant to this action by "notice." On April 20, 2012, they sought, among other things, an "emergency injunction" against Fannie Mae and its attorneys to prevent a state eviction proceeding against plaintiff Ronald Kerkstra, scheduled for "Monday," (presumably April 23, 2012), in Newago County. For the following reasons, the court **RECOMMENDS** that plaintiffs' motion for "emergency injunction" (which this court construes as a temporary restraining order ("TRO") or preliminary injunction) [101] be **DENIED**.[1]

**II.**    **REPORT**

Plaintiffs' motion for TRO requests an emergency injunction against Fannie Mae and its

---

[1] The remainder of planitiffs' requests contained in this motion, which are to join an additional plaintiff and an additional defendant, will be dealt with in a separate report and recommendation to follow.

attorneys from apparently participating in an eviction hearing against plaintiff Ronald Kersktra scheduled for what the court interprets as Monday, April 23, 2012. According to the motion, the notice was placed on plaintiff Kerkstra's door on April 19, 2012, and the hearing is to be held in Newago County, Michigan. The remainder of plaintiffs' motion and the entire accompanying brief expounds on issues wholly separate from plaintiffs' requested emergency relief here.

First, this court does not currently have jurisdiction over Fannie Mae. Plaintiffs "noticed" joining Fannie Mae on March 23, 2012. However, a notice to join additional defendants is essentially a motion to amend the complaint to join additional parties, which, at this stage, requires leave of the court, which plaintiffs have not yet procured. *See* Fed. R. Civ. P. 15(a)(1)-(2), (amendment to complaint permitted once as of right, but only within 21 days or service or within 21 days of the filing of a responsive pleading); Fed. R. Civ. P. 21; *see also Dura Global Technologies, Inc. v. Magna Donnelly Corp.*, No. 07-10945, 2011 WL 4532875 at *2 (E.D. Mich. Sept. 30, 2011) (holding that while Rule 20 governs joinder, Rules 15 and 21 governs amendment of the pleadings even when amendment seeks to join parties, which requires leave of the court). As seen from the docket, plaintiffs amended their complaint already once as of right to add plaintiff Rose Webb to the action. (Dkt. # 17). Thus, plaintiffs' attempt to add Fannie Mae as a defendant could only be accomplished with leave of this court and such leave has not yet been granted. Thus, Fannie Mae has not yet been "added" as a defendant and has not yet been served, and this court does not have jurisdiction over it as a defendant such that the court could grant plaintiffs' request for an emergency injunction.

Furthermore, even if Fannie Mae were a proper party, which it is not, plaintiffs neither cite the requirements of a temporary restraining order nor state why they satisfy those standards. To be complete, the requirements for a TRO or a preliminary injunction require a consideration

and balancing of four factors:

> (1) whether the movant has shown a strong likelihood of success on the merits;
> (2) whether the movant will suffer irreparable harm if the injunction is not issued;
> (3) whether the issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by issuing the injunction.

*Overstreet v. Lexington-Fayette Urban Cty. Gov.*, 305 F.3d 566, 573 (6th Cir. 2002). It appears plaintiffs' only attempted argument involves the second factor: irreparable harm.

> In evaluating the harm that will occur depending upon whether or not the stay is granted, we generally look to three factors: (1) the substantiality of the injury alleged; (2) the likelihood of its occurrence; and (3) the adequacy of the proof provided. In evaluating the degree of injury, it is important to remember that [t]he key word in this consideration is irreparable. Mere injuries, however substantial, in terms of money, time and energy necessarily expended in the absence of a stay, are not enough. The possibility that adequate compensatory or other corrective relief will be available at a later date, in the ordinary course of litigation, weighs heavily against a claim or irreparable harm.

*Michigan Coalition of Radioactive Material Users, Inc. v. Griepentrog*, 945 F.2d 150, 154 (6th Cir. 1991). Here, plaintiffs do not make any allegations as to any of the above factors, thus falling "far short of the showing necessary to establish the element of irreparable harm." *See Sesi v. Fed. Home Loan Mortg. Corp.*, 2012 U.S. Dist. LEXIS 24348 at *31 (E.D. Mich. Feb. 27, 2012). Therefore, even if this court did have jurisdiction over Fannie Mae, which it does not currently have, plaintiffs' motion for a TRO or preliminary injunction should be denied.

III. CONCLUSION

For the foregoing reasons, the court **RECOMMENDS** that plaintiffs' motion for a TRO or preliminary injunction [101] be **DENIED**.


Dated: April 20, 2012  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 20, 2012.

                                        s/Felicia M. Moses
                                        FELICIA M. MOSES
                                        Case Manager