UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS, et. al.,

                Plaintiffs,                Case No.: 12-cv-10308
                                          Honorable Mark A. Goldsmith
      v.                           Magistrate Judge David R. Grand

WILMINGTON FINANCE/AIG, et. al.,

                Defendants.

_____/

**REPORT AND RECOMMENDATION TO SEVER
PLANITIFF RONALD KERKSTRA'S CLAIMS
AND TO *SUA SPONTE* DISMISS HIS CASE**

## I.    REPORT

Federal Rule of Civil Procedure 21 holds that "on a motion or on its own, the court may

at any time, on just terms, add or drop a party." *See also Morgan v. Cohen*, No. 11-11780, 2011

U.S. Dist. LEXIS 64407 at *5, 2011 WL 2461470 (E.D. Mich. June 16, 2011). For the following

reasons, the court **RECOMMENDS** that plaintiff Ronald Kerkstra's claims be severed from this

case and that his complaint, as currently stated, be dismissed without prejudice.

## II.    RECOMMENDATION

### A.    Background

On January 24, 2012, plaintiffs Adams and Kerkstra filed an eleven-count "mass joinder"

complaint against defendants Wilmington Finance/AIG, U.S. Bank N.A./U.S. Bancorp,

LAMCO, Carmen Oien, Bank of America, Mortgage Electronic Registration System, Inc.

("MERS"), and Jonathan Rosenthal for alleged violations of consumer protection laws regarding

foreclosure and eviction proceedings on separate pieces of property located in the State of

Michigan. Some of the counts appear to pertain to both plaintiffs, while a number of them

appear to apply only to plaintiff Adams. Plaintiff Kerkstra is specifically referenced in only two of the complaint's 142 paragraphs, with his allegations relating solely to an alleged illegal foreclosure under a Michigan statute on property he claims to otherwise be the rightful owner of. *See Cplt.* ¶¶ 12; 34. Specifically, Kerkstra claims that MERS and Bank of America "illegally foreclosed upon [his home] through the use of non-judicial foreclosure by advertisement as otherwise permitted under MCL 600.3201 et seq, and the documents Bank of America used to take his home contains a fraudulent or surrogate signed document by a known robosigner." *Id.* at 12. *See also id.* at ¶34.

The counts in which Kerkstra appears to join are only generally alleged, broadly claiming violations of both state and federal law; no specific facts are alleged pertaining to Kerkstra, his property, or the foreclosure of his home. Furthermore, the only two defendants apparently involved in Kerkstra's foreclosure were MERS and Bank of America, and there are no specific allegations as to how either of those two entities violated his rights under any of the counts in which he is apparently joining. Bank of America does not appear to have been involved in plaintiff Adams' foreclosure transactions. Beyond the two paragraphs in which Kerkstra is mentioned, the remainder of the factual basis for the complaint squarely focuses on plaintiff Adams and her plight with a bankruptcy and foreclosure proceeding against her by MERS, U.S. Bank, and their affiliates or employees.

### B. Analysis

#### 1. Severance

Federal Rule of Civil Procedure 21 holds that "on a motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." *See also Morgan v. Cohen*, No. 11-11780, 2011 U.S. Dist. LEXIS 64407 at *5, 2011 WL

Permissive joinder of parties is governed by Fed. R. Civ. P. 20. Plaintiffs may be joined in an action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (b) any question of law or fact common to all plaintiffs will arise in the action." Defendants may be joined if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." The Sixth Circuit has interpreted the term "transaction" broadly to "avoid a multiplicity of suits." *Lasa Per L'Industria Del Maro Society Pero Azioni v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969). The Sixth Circuit requires that a "logical relationship" exist among the parties to be joined. *Id.*.

Here, there is no logical relationship between the plaintiffs or most of the defendants. There is no actual or inferential connection between the transactions out of which plaintiff Adams and plaintiff Kerkstra's respective claims arise. The only common fact is that the plaintiffs' allegations arise from alleged wrongful foreclosures which were allegedly accomplished through advertisement pursuant to Michigan law. The only common defendant is MERS, and there are no allegations specific to plaintiff Kerkstra to glean any facts common to both Adams' and Kerkstra's foreclosures. It is similarly impossible to tell on the face of this complaint how there could be any common questions of law, as Adams' allegations are very situation-specific; one of her principal complaints relates to her failed attempt to obtain a loan modification that was rejected after U.S. Bank allegedly fraudulently told a bankruptcy court that Adams had already been offered a loan modification but rejected it, and there are no factual

allegations at all with regard to the circumstances surrounding Kerkstra's foreclosure other than that a "robosigner" supposedly signed a "document" used in obtaining the foreclosure. Cplt., ¶ 12; *see Thompson*, 33 F.3d at 858 (denying joinder where alleged incidents separated by type and year and injuries separate and distinct even where claims had common defendants); *Catanzaro v. Mich. Dept. of Corrections*, No. 08-11173, 2009 U.S. Dist. LEXIS 108443 at *27-29 (E.D. Mich. Aug. 31, 2009) *adopted by* 2009 U.S. Dist. LEXIS 108442 (E.D. Mich. Nov. 19, 2009) (severing plaintiffs' claims where originating out of different occurrences and transactions, even where one defendant remains in common); *Moore v. Mossbarger*, No. 01-440, 2010 U.S. Dist. LEXIS 121690 at *1-2 (S.D. Tex. Nov. 17, 2010) (denying joinder where no claim arises out of same occurrence).

The district court has broad discretion under Fed. R. Civ. P. 21 to add or drop parties and/or sever their claims either on a motion or *sua sponte*. *Catanzaro*, 2009 U.S. Dist. LEXIS 108442; *Nali v. Michigan Dept. of Corrections*, No. 07-10831, 2007 WL 4465427, at *2 (E.D. Mich. Dec. 18, 2007) ("Under Rule 21, the Court has broad discretion 'to order a severance to avoid causing unreasonable prejudice and expense to the defendant ... and to avoid great inconvenience in the administration of justice.'") (quoting Fed R. Civ. P. 21). Because plaintiffs Adams and Kerkstra have unrelated claims against almost entirely different defendants, their claims should be severed.

### 2. *Dismissal of Kerkstra's Complaint for Failure to State a Claim*

This court also recommends that plaintiff Kerkstra's complaint be dismissed *sua sponte* for failure to state a claim upon which relief can be granted. Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if the court finds that the case is: "(i)

frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

While *pro se* plaintiffs' complaints are held to a lesser standard than those drafted by attorneys, this does not relieve them from the duty to "plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 U.S. Dist. LEXIS 34441, 2011 WL 1233200, at *3 (E.D. Mich. March 30, 2011). The applicable pleading standards were set forth in *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), where the Court held that a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," and in *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009), where the Court clarified that a plaintiff must "plead[] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." (*citing Twombly* at 556).[1] Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly* at 555-56).

Despite the leniency afforded *pro se* litigants, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent such a complaint from being dismissed on grounds that it fails to sufficiently comport to basic pleading requirements. *Howard v. City of Girard, Ohio*, 346 Fed. Appx. 49, 51 (6th Cir. 2009) (citing *Twombly*, 550 U.S. at 555). Furthermore, a court is not required to "create a claim which [a

---

[1] A heightened pleading standard applies to a plaintiff's fraud claims, which must be alleged "with particularity." *See* Fed. R. Civ. P. 9(b). *See also, Goodwin v. Novartis Pharmaceuticals Corp.*, No. 11-cv-350, 2012 WL 1079086, at *3 (W.D. K.Y. Mar. 30, 2012) (noting heightened standard under Rule 9(b) as compared with "lower *Twombly/Iqbal* standard" for non-fraud claims.).

plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1949. Here it is clear that Kerkstra's complaint does not satisfy these pleading standards.

Kerkstra makes few to no specific allegations against either defendant MERS or Bank of America in any of the eleven counts of the complaint. In fact, Bank of America is only mentioned by name four times, and by reference one additional time. In paragraph 12, Kerkstra alleges that MERS and Bank of America "illegally foreclosed upon [his home] through the use of non-judicial foreclosure by advertisement as otherwise permitted under MCL 600.3201 et seq, and the documents Bank of America used to take his home contains a fraudulent or surrogate signed document by a known robosigner." Cplt., ¶ 12. However, he does not allege how the foreclosure process was illegal, what alleged "robosigned" document is in issue, how that unidentified document relates to the foreclosure of his home, or why its alleged use by Bank of America invalidates the foreclosure. In paragraph 27, Bank of America is identified generally as a creditor that performs foreclosures in Michigan. In paragraph 34, Kerkstra alleges that, absent Bank of America's and MERS's illegal foreclosure, he would be the rightful owner of his property. In Count II "Fraud and Misrepresentation", the first paragraph alleges that MERS and Bank of America "did misrepresent facts, or purposefully fail to disclose material facts, in prosecution of a non-judicial foreclosure by advertisement procedures as prescribed by [Michigan law]. The facts misrepresented were material to the transactions at issue." Cplt., ¶ 59. However, Kerkstra never alleges what facts were not disclosed or what ones were misrepresented, let alone how they were material. In Count Eleven "Unjust Enrichment,"

Kerkstra alleges that "Defendant banks" and MERS were unjustly enriched through their acts of wrongful foreclosure. Cplt. ¶¶ 112-118. The complaint contains no additional allegations against Bank of America.

As for defendant MERS, Kerkstra makes no specific allegations as to how that entity misled or defrauded him, or how it violated any of the other state or federal laws under which he alleges injury. He makes general statements about MERS's violations of law through its allegedly "wrongful foreclosure" which he alleges was "in violation of MCL 600.3201," *id.*, ¶ 101, (which governs foreclosures noticed by advertisement), but he does not allege anywhere how the foreclosure violated this provision (or other related law), or what specific actions MERS took or did not take in his case that rises to the level of a violation of any of the other state or federal laws he cites in the complaint. *See id.*, ¶¶ 59; 68-118.

In short, Kerkstra failed to plead his claims under the standards described above. Mere legal conclusions are insufficient to state a claim for relief. *Iqbal*, 129 S.Ct. at 1949; Fed. R. Civ. P. 9(b). Because Kerkstra has wholly failed to allege facts in his complaint from which the court could ascertain any cognizable claim he may have against either MERS or Bank of America, pursuant to 28 U.S.C. § 1915(e)(2)(B), his complaint should be dismissed without prejudice.

### C.      Conclusion

For the foregoing reasons, this court RECOMMENDS that plaintiff Kerkstra's claims be SEVERED from the plaintiff Adams's this case, and that his complaint be DISMISSED WITHOUT PREJUDICE *sua sponte* for failure to state a claim upon which relief can be granted.

Dated: April 27, 2012                                    s/David R. Grand
Ann Arbor, Michigan                                   DAVID R. GRAND
                                                                   United States Magistrate Judge

**NOTICE TO THE PARTIES REGARDING OBJECTIONS**

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 27, 2012.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager