UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS, et. al.,

                Plaintiffs,          Case No.: 12-cv-10308
                                                Honorable Mark A. Goldsmith
v.                                       Magistrate Judge David R. Grand

WILMINGTON FINANCE/AIG, et. al.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO SEVER COMPLAINTS OF
PLAINTIFFS MATTHEW AND BARBARA CRUISE [13], ROSE WEBB [17],
AND ALICE WILBERT [35] FROM THE INSTANT CASE, AND
TO DISMISS PLAINTIFF ROSE WEBB'S COMPLAINT
*SUA SPONTE* FOR LACK OF SUBJECT MATTER JURISDICTION**

**I.    RECOMMENDATION**

This matter was referred to this court for all pretrial proceedings pursuant to 28 U.S.C. §§ 636(b)(1)(A)-(B). For the following reasons, the court **RECOMMENDS** that the complaints of plaintiffs Matthew and Barbara Cruise [13], Rose Webb [17] and Alice Wilbert [35] be **SEVERED** from the instant case, and that plaintiff Webb's complaint be **DIMISSED** *sua sponte* for lack of subject matter jurisdiction.

**II.    REPORT**

    **A.    Background**

On January 24, 2012, plaintiffs Adams and Kerkstra[1] filed a "joinder complaint" against defendants Wilmington Finance/AIG, U.S. Bank N.A./U.S. Bancorp, LAMCO, Carmen Oien,

---

[1] In a separate report and recommendation, this court recommended that plaintiff Kerkstra also be severed from the present action for misjoinder and that his complaint be dismissed for failure to state a claim upon which relief could be granted [103].

Bank of America, Mortgage Electronic Registration System, Inc., and Jonathan Rosenthal for alleged violations of consumer protection laws regarding foreclosure and eviction proceedings on separate pieces of property located in Michigan. On March 2, 2012, plaintiffs Matthew and Barbara Cruise filed what was docketed as a "Notice of Joinder/Concurrence" in the original Adams/Kerstra complaint, but what was, in actuality, a separate "Joinder Complaint for Fraud, and Clear Title" alleging separate claims against defendant Wells Fargo arising out of a purported wrongful foreclosure on the Cruises' property [13] in California. On March 22, 2012, plaintiff Rose Webb also filed such a notice [17], attaching another separate "Joinder Complaint for Trespass to Try Title, Ejectment, and for Clear Title" against a number of defendants not named in the Adams/Kerkstra complaint, arising out of an alleged fraudulent conveyance of her property in Virginia. Finally, on April 2, 2012, plaintiff Alice Wilbert filed a similar notice [35], also attaching yet another separate "Joinder Complaint for Wrongful Foreclosure, Predatory Lending, Fraud, and for Discrimination" against wholly separate defendants from all of the other plaintiffs, arising out of an alleged fraudulent mortgage transaction involving her property in Michigan.[2]

**B.     Analysis**

   *1.     Misjoinder*

Federal Rule of Civil Procedure 21 holds that "on a motion or on its own, the court may at any time, on just terms, add or drop a party." Fed. R. Civ. P. 21. *See also Morgan v. Cohen*, No. 11-11780, 2011 U.S. Dist. LEXIS 64407 at *5, 2011 WL 2461470 (E.D. Mich. June 16, 2011). Joinder of parties is governed by Federal Rules of Civil Procedure 19 and 20, relating to

---

[2] On April 13, 2012, this court issued a Report and Recommendation that another plaintiff, James Jetson, who filed a similar notice and attached a similarly distinct "joinder complaint," be severed from the instant case for misjoinder [93]. This court also recommended dismissing his case for lack of subject matter jurisdiction. (*Id.*).

required joinder and permissive joinder, respectively.

### a. *Joinder is Not Proper under Rule 19*

Rule 19 governs required joinder of parties, and states that parties must be joined if "in that person's absence, the court cannot accord complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may: . . . impair or impede the person's ability to protect the interest; or leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest." Fed. R. Civ. P. 19(a)(1).

The Sixth Circuit uses a three-part test to evaluate whether an absent party must be joined to a suit. *Sch. Dist. of City of Pontiac v. Sec'y of the U.S. Dept. of Educ.*, 584 F.3d 253, 301 (6th Cir. 2009). A court must first determine whether the party to be joined is a required party. *Id.* If the party is required, then the question turns to whether joinder is feasible, or if lack of jurisdiction (subject matter or personal) makes joinder impossible. *Id.* Finally, if joinder is not possible, equities must be weighed to determine if the suit can continue in the party's absence. *Id.*

Here, the court need not reach the second and third factors, as it is clear that neither the plaintiffs at issue here, nor the defendants they seek to sue, are "necessary" parties to the original complaint in this case. As the Sixth Circuit explained, necessary parties "are those 'persons having an interest in the controversy, and who ought to be made parties, in order that the court may act on that rule which requires it to decide on, and finally determine the entire controversy, and do complete justice, by adjusting all the rights involved in it.'" *Id. (*quoting 7 Wright & Miller, *Federal Practice &* Procedure § 1604 (3d ed. 2009)). Plaintiffs Adams and Kerkstra's complaint involves wholly separate defendants and separate pieces of property from those cited

in the Cruise, Webb or Wilbert complaints. Neither the Cruises, Webb or Wilbert are implicated in, nor have any interest in, the outcome of the action brought by Adams and Kerkstra. The same is true with respect to the defendants they seek to sue. In short, it is clear that resolution of the allegations in the Adams/Kerkstra complaint would not effect the Cruises, Webb, Wilbert or any of the defendants they seek to sue. As such, required joinder is not an issue in this case.

### b. Joinder is Not Proper under Rule 20

Permissive joinder is governed by Fed. R. Civ. P. 20. Plaintiffs may be joined in an action if "(A) they assert any right to relief jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all plaintiffs will arise in the action." Fed. R. Civ. P. 20(a)(1). Defendants may be joined if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Fed. R. Civ. P. 20(a)(2). The Sixth Circuit has interpreted the term "transaction" broadly to "avoid a multiplicity of suits." *Lasa Per L'Industria Del Maro Society Pero Azioni v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969). A "logical relationship" must exist among the parties to be joined. *Id.*

Here, however, there is no logical relationship among the parties. There is no actual or inferential connection between the transactions out of which plaintiffs Adams' or Kerkstra's claims arise, let alone between their respective transactions and the transactions that are the subject of the Cruises', Webb's or Wilbert's complaints. Nor are there actual or inferential connections among the complaints of the Cruises, Webb or Wilbert themselves. As noted above, all of the plaintiffs' claims involve wholly different defendants, different properties and different

underlying facts. The only common "fact" is that all of plaintiffs' allegations arise from alleged problems with their respective mortgages that ultimately culminated in either losing, or being at risk of losing, their respective properties. There is not even any joint relief sought, nor could there be, as neither the Cruises, Webb nor Wilbert have not alleged any claims against any of the defendants plaintiffs Adams or Kerkstra seek to sue, or vice versa. Further, as stated above, there is no question of fact common to these plaintiffs, and any common question of law that may be resolved (to the extent one exists, which this court does not purport to assume on this record) is not sufficient to tie these plaintiffs together in one action. *See Thompson v. Boggs*, 33 F.3d 847, 858 (7th Cir. 1994) (denying joinder where alleged incidents differed by type and year, and injuries were separate and distinct even where claims had common defendants); *Moore v. Mossbarger*, No. 01-440, 2010 U.S. Dist. LEXIS 121690 at *1-2 (S.D. Tex. Nov. 17, 2010) (denying joinder where no claim arises out of same occurrence). Because plaintiffs are not properly joined in this action, there is no need to address whether defendants would have otherwise been properly joined, though it is clear from the above analysis that they would not.

In short, the attempt by the Cruises, Webb and Wilbert to join themselves and the proposed defendants in the above-captioned action constitutes a misjoinder. In such a case, the court may sever the actions. Fed. R. Civ. P. 21 states: "On a motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." Therefore, this court recommends that the suits of plaintiffs Matthew and Barbara Cruise, Rose Webb and Alice Wilbert be severed from the present action and proceed as separate actions, as they are improperly joined.

> 2. *Plaintiff Rose Webb's Complaint Should be Dismissed for Lack of Subject Matter Jurisdiction*

This court also recommends that Rose Webb's complaint be dismissed *sua sponte* for

lack of subject matter jurisdiction. Pursuant to Federal Rule of Civil Procedure 12(h)(3), if "the court determines at any time that it lacks subject-matter jurisdiction, [it] must dismiss the action." *See also Janis v. Ashcroft*, 348 F.3d 491, 493 (6th Cir. 2003) ("… Federal Rule of Civil Procedure 12(h)(3) permits a district court to dismiss a complaint sua sponte for lack subject matter jurisdiction..."). Webb asserts in her complaint that this court possesses diversity jurisdiction over her action pursuant to 28 U.S.C. § 1332. (Webb Cplt. at 2). Under that provision, the court has jurisdiction to hear causes of action where the matter in controversy exceeds $75,000 and is between citizens of different states. 28 U.S.C. § 1332. To invoke jurisdiction under this provision, there must be "complete diversity" meaning that no plaintiff may be a citizen of the same state of which any defendant is a citizen. *Glancy v. Taubman Ctrs., Inc.*, 373 F.3d 656, 664 (6th Cir. 2004) *citing Caterpillar Inc. v. Lewis*, 519 U.S. 61, 68 (1996).

In her complaint, Webb alleges that she is a resident of Richmond, Virginia. Of the fifteen defendants again whom she alleges injury, fourteen also reside in Virginia according to her complaint. Thus, because there is no diversity of citizenship between Webb and any, let alone all, of the defendants, this court lacks subject matter jurisdiction over her action under 28 U.S.C. § 1332. Furthermore, on the face of the complaint, there is no basis for this court to assert federal question jurisdiction under 28 U.S.C. § 1331. Such jurisdiction is proper "only when a federal question is presented on the face of the plaintiff's properly pleaded complaint." *Chase Manhattan Mortg. Corp. v. Smith*, 507 F.3d 910, 914 (6th Cir. 2007). As Webb is proceeding *pro se*, this court will grant her complaint more leniency than a complaint drafted by an attorney. *See West v. Adeco Empl. Agency*, 124 Fed. Appx. 991, 992 (6th Cir. 2005) (citing *Haines v. Kerner*, 404 U.S.519, 520 (1972)) (complaints of *pro se* litigants construed with leniency). Webb seeks an injunction against the defendants of her complaint for "trespassing,

moving the boundary lines and to try title, and for possession of all her LAND together with damages and other relief . . ." [17, Webb Cplt at 1-2 (emphasis original)]. She alleges that her land was fraudulently conveyed to those defendants, and she seeks to bar them from occupying and operating businesses on her property. Her bare allegations, to the extent they are even sufficient to state a claim upon which relief could be granted, an issue upon which this court does not rule here, are at best state law claims. *See Nahno-Lopez v. Houser*, 627 F. Supp. 2d 1269, 1277 n.4 (W.D. Okla. 2009) (trespass is a state law theory of liability); *Fed. Nat'l Mortg. Ass'n v. Elliott*, No. 10-1321, 2010 U.S. Dist. LEXIS 121311 at *8-9, 2010 WL 4627833 (N.D. Tx. Nov. 16, 2010) (holding that claim of wrongful possession of property raises no federal claim or issue); *Kimsey v. Brown & Root Const. Co.*, 805 F.2d 1034 (6th Cir. 1986) (fraud is a state law claim). Because Webb's complaint neither alleges the necessary requirements for diversity jurisdiction, nor facts to permit this court to exercise federal question jurisdiction, this court has no jurisdiction to hear her complaint, and it should be dismissed.

### C. Conclusion

For the foregoing reasons, the court **RECOMMENDS SEVERING** the complaints of Matthew and Barbara Cruise [13], Rose Webb [17] and Alice Wilbert [35] from the present action and assigning each one its own case number. The court further **RECOMMENDS** that plaintiff Rose Webb's complaint [17] be **DISMISSED** for lack of subject matter jurisdiction.


Dated: May 3, 2012  
Ann Arbor, Michigan

s/David R. Grand  
DAVID R. GRAND  
United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 3, 2012.

                 s/Felicia M. Moses
                 FELICIA M. MOSES
                 Case Manager