UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS, et. al.,

                          Plaintiffs,              Case No.: 12-cv-10308
                                                   Honorable Mark A. Goldsmith
          v.                                       Magistrate Judge David R. Grand

WILMINGTON FINANCE/AIG, et. al.,

                          Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANTS'
U.S. BANK, MERS, AND CARMEN OIEN'S MOTION TO DISMISS [30]
AND TO DISMISS PLAINTIFF'S CLAIMS AGAINST DEFENDANTS
JONATHAN ROSENTHAL AND LAMCO *SUA SPONTE***

**I.      RECOMMENDATION**

        This matter is before the court for a report and recommendation pursuant to an order of

the district court referring all pretrial matters to this court [9].  For the following reasons the

court RECOMMENDS that defendants' motion to dismiss [30] be GRANTED.  Furthermore, the

court RECOMMENDS dismissing plaintiff's claims against defendants Jonathan Rosenthal and

LAMCO *sua sponte*.

**II.     REPORT**

        **A.      Background**

        On January 24, 2012, plaintiffs Grace Adams and Ronald Kerkstra filed a thirteen-count

"joinder complaint" against defendants "Wilmington Finance/AIG,"[1] U.S. Bank N.A./U.S.

Bancorp ("U.S. Bank"), LAMCO, Carmen Oien, Bank of America, Mortgage Electronic

Registration System, Inc. ("MERS"), and Jonathan Rosenthal for alleged unlawful foreclosure

---

[1] It appears from subsequent filings that this defendant's correct name is "AIG Federal Savings
Bank."  *See* Doc. # 104 at 1, fn. 1.

and eviction proceedings on separate pieces of property located in the state of Michigan.[2]  This is

Adams's fifth lawsuit in this District arising from the foreclosure of her home ("*Adams I-IV*");

she has also filed five Chapter 13 petitions in the bankruptcy court seeking to delay the

foreclosure proceedings.[3]  Adams's previous actions have all been dismissed, either for failure to

state a claim upon which relief can be granted, or for failure to comply with court orders.

Counts I through XII of the instant complaint are practically a verbatim recitation of

Counts I through XII of the operative *Adams IV* complaint, except that the majority of the counts

in the instant complaint are pleaded against both U.S. Bank and MERS, whereas her former

complaint, although against those same defendants, only made specific allegations against U.S.

Bank in Count II.  (*See Adams IV*, No. 11-14791, Doc. # 1).

In addition, Adams included in the instant complaint Count XIII, which alleges a

violation of various federal criminal laws, including bank fraud (18 U.S.C. § 1344) and mail and

wire fraud (18 U.S.C. § 1341).  There are no specific allegations in the complaint relating to

defendants Oien, who is allegedly U.S. Bank's Corporate Compliance Regulatory Complaint

Coordinator, Rosenthal, who is allegedly U.S. Bank's attorney , or LAMCO, which is allegedly

---

[2] On April 27, 2012, this court recommended severing Kerkstra's claims against MERS and Bank of America from the instant case and dismissing his complaint *sua sponte* for failing to state a claim upon which relief could be granted [103].  This court has similarly recommended severing a number of additional plaintiffs who improperly attempted to add themselves to the complaint, and so far recommended dismissing two of those complaints [93, 109].

[3] *Adams v. Wilmington Finance, et al.*, No. 07-15494 (E.D. Mich. filed Dec. 27, 2007) ("*Adams I*"); *In re Adams*, No. 08-60296 (Bankr. E.D. Mich. filed Aug. 21, 2008); *In re Adams*, No. 09-65692 (Bankr. E.D. Mich. filed August 19, 2009;; *Adams v. U.S. Bank*, No. 10-10567, 2010 U.S. Dist. LEXIS 65411 (E.D. Mich. filed July 1, 2010) ("*Adams II*"); *In re Adams*, No. 10-44892 (Bankr. E.D. Mich. filed Feb. 19, 2010) and *Adams v. U.S. Bank*, No. 10-5541 (Bankr. E.D. Mich. June 16, 2010) together on appeal No. 10-12481, 2011 U.S. Dist. LEXIS 28126 (E.D. Mich. Mar. 18, 2011) ("*Adams III*"); *In re Adams*, No. 10-60057 (Bankr. E.D. Mich. filed June 21, 2010); *In re Adams*, No. 10-60057, (Bankr. E.D. Mich. Filed June 21, 2010); *In re Adams*, No. 11-45799 (Bankr. E.D. Mich. filed Mar. 4, 2011); *Adams v. Mortgage Elec. Registration Sys.*, No. 11-14791, 2012 U.S. Dist. LEXIS 3733 (E.D. Mich. Jan. 12, 2012) ("*Adams IV*").

U.S. Bank's Real Estate Owned ("REO") division and asset management company. (*See* Cplt. ¶¶ 29-31). While these defendants were not named in the *Adams IV* original complaint, Adams tried to add them as defendants to that action in proposed amended complaints filed on December 16, 2011, and December 22, 2011. The court refused to permit those amendments, finding that the allegations against Oien, Rosenthal and LAMCO did not state a claim upon which relief could be granted. *See Adams IV*, 2012 U.S. Dist. LEXIS 3733, at *7-10.

Defendants U.S. Bank, MERS, and Oien ("defendants") file this motion to dismiss arguing that Adams's claims against them are all barred by the doctrine of *res judicata*. Adams filed a "response" and a "reply" to the motion to dismiss, which included an "answer" and a "motion" to deny defendants' motion [120, 123]. However, her responses do not actually address any of the arguments defendants raised in their motion to dismiss. Instead, she simply continues to reiterate the allegations of her underlying claims.

    **B.**    **Analysis**

        *1.*    *Legal Standards*

A motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) tests a complaint's legal sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact

to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (*citing Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice" to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 556 U.S. at 678. *See also Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 Fed. Appx. 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *See Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, 2011 WL 1233200 at *3 (E.D. Mich. Mar. 30, 2011).

The doctrine of *res judicata* or "claim preclusion" bars further claims by a party or its privies based on the same cause of action upon which a final judgment on the merits has already been rendered. *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 462 (6th Cir. 1999). The doctrine "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 817 (6th Cir. 2010) (quoting *Adair v. State*, 470 Mich. 105, 121 (2004)). *See also Frank's Nursery & Crafts*, 177 F.3d at 462 (*res judicata* bars not only claims actually raised previously, but also those that "were previously available to the parties, regardless of whether they were asserted or determined in the first proceeding.") (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979). "Whether a factual grouping constitutes a transaction for purposes of *res judicata* is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit." *Buck*, 597 F.3d at 817 (quoting *Adair*, 470 Mich. at 125). The burden of proving *res judicata* is on the party asserting it. *Id.*

Four elements must be met in order for *res judicata* to apply to a given case: "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 492 F.3d 521, 528 (6th Cir. 2006) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). When a party satisfies each of the four elements as to any particular claim, a motion to dismiss that claim is meritorious. *Temple v. United States Air Force*, 205 F.3d 1342 (6th Cir. 2000).

2.      *Adams's Claims are Barred by the Doctrine of Res Judicata*

Adams's claims should be dismissed because defendants satisfy each of the four elements of the *res judicata* doctrine.  First, a final decision was issued on the merits in Adams's previous four cases, *Adams I* through *Adams IV*.  The *Adams I* court dismissed all defendants either for failure to state a claim upon which relief could be granted, or on statute of limitations grounds. *See Adams I*, 2008 U.S. Dist. LEXIS 58468 (E.D. Mich. Aug. 1, 2008) and 2009 U.S. Dist. LEXIS 116831 (E.D. Mich. Dec. 15, 2009).  The *Adams II* and *IV* courts dismissed Adams's complaints for failure to state a claim upon which relief could be granted.  *See Adams II*, 2010 U.S. Dist. LEXIS 65411 (E.D. Mich. July 1, 2010); *Adams IV*, 2012 U.S. Dist. LEXIS 3733 (E.D. Mich. Feb. 9, 2012).  The *Adams III* court, handling both Adams's bankruptcy appeal and the dismissal of her adversary proceeding, rejected, on the merits, her argument that U.S. Bank committed fraud and other criminal activity.  *Adams III*, 2011 U.S. Dist. LEXIS 28126 at *4.

Adams did not appeal any of those decisions, and the dismissals for failure to state a claim were "on the merits" and thus constitute "actual litigation" of the claim.  *Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir. 1988) (citing Restatement (Second) of Judgments § 27, comment d (1982) ("actually litigated" includes motions to dismiss for failure to state a claim)). Thus, a final decision on the merits was rendered in Adams's previous cases.

Second, the present action is between the same parties to one or more of these previous actions.  Both Adams and U.S. Bank were parties to the previous four cases.   Oien and MERS

were parties to *Adams IV*.[4]

Third, the claims raised in the instant complaint either were or could have been raised in her prior actions. As described above, Counts I through XII of the instant complaint are essentially verbatim to Counts I through XII of the *Adams IV* complaint. While those counts were, for the most part, not alleged against any defendant except MERS, U.S. Bank was a party to that complaint and thus the claims could have been raised against it at that time. In addition, the new Count XIII was also raised in *Adams III*, where the district judge, presiding over

---

[4] The court finds that, for purposes of the *res judicata* analysis, Oien was a party to *Adams IV* even though the court in that case denied Adams's proposed amendment to add Oien as a defendant. The proposed amendment was denied as futile because the court found that it did not state a claim against Oien upon which relief could be granted. *See Adams IV*, 2012 U.S. Dist. LEXIS 3733, at *9-10. Thus, it was a decision on the merits of the proposed claim against Oien, just as if she had been a party that had otherwise been dismissed. *See e.g. Martin v. Deuchler*, 114 Mich. App. 380, 383-84 (Mich. Ct. App. 1982) (motion to amend denied as futile is a decision on the merits for *res judicata* purposes). However, even if Oien was not a party to *Adams IV* by virtue of the fact that the proposed amendment to include her as a defendant was denied as futile, this court would still recommend dismissing her as a defendant here where Adams has made absolutely no allegations of wrongdoing against her. *Iqbal*, 556 U.S. at 678; *Twombly*, 550 U.S. at 555. By this same standard, Adams's claims against defendants Jonathan Rosenthal and LAMCO should also be dismissed. Although it does not appear LAMCO has been properly served, and neither LAMCO nor Rosenthal has yet filed a responsive pleading in this case, because plaintiff is proceeding *in forma pauperis*, this court has the discretion to dismiss all or portions of her complaint *sua sponte* for failing to state a claim upon which relief could be granted, pursuant to 28 U.S.C. § 1915(e)(2)(B) and Fed. R. Civ. P. 12(b)(6). Adams's claims against Rosenthal and LAMCO must fail for the same reasons her claims against Oien do. Just as with Oien, Adams attempted to add Rosenthal and LAMCO to her various amended complaints in *Adams IV*, which requests were denied as futile. *Adams IV*, 2012 U.S. Dist. LEXIS 3733 at *3-10. Thus Adams's present claims against Rosenthal and LAMCO are barred by the doctrine of *res judicata*. While courts usually may not raise affirmative defenses *sua sponte*, the Sixth Circuit, citing the Supreme Court, has recognized "that it might be appropriate to raise the *res judicata* defense *sua sponte* in certain circumstances," to avoid "unnecessary judicial waste." *Hutcherson v. Lauderdale County*, 326 F.3d 747,757 (6th Cir. 2003) (citing *Arizona v. California*, 530 U.S. 392, 412 (2000)); *see also Hanger Prosthetics & Orthotics East, Inc. v. Henson*, 299 Fed. Appx. 547, 553-54 (6th Cir. 2008) (collecting cases). The court finds appropriate circumstances exist here for such *sua sponte* action. Furthermore, Rosenthal, in his motion to vacate default, indicated that he would file a responsive pleading asserting *res judicata* as one of his defenses [97]. Finally, even absent *res judicata*, Adams's instant complaint alleges no facts against either Rosenthal or LAMCO, and thus her claims against them should be dismissed under the *Iqbal* standard. *Iqbal*, 556 U.S. at 678. *See also*, *Twombly*, 550 U.S. at 555.

Adams's bankruptcy appeal, found no merit to her claims that U.S. Bank committed various federal crimes, including fraud.

Finally, all five cases have an identity of the causes of action.  The Sixth Circuit has interpreted this final element to be satisfied if "'the claims arose out of the same transaction or series of transactions,' or if 'the claims arose out of the same core of operative facts.'"  *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 580 (6th Cir. 2008) (quoting *Browning v. Levy*, 283 F.3d 761, 773-74 (6th Cir. 2002).  All of Adams's claims, both in this case and her prior ones, involve the same loan and mortgage issues related to the same piece of property, including the origination of her mortgage loan, her attempt at loan modification, the eventual foreclosure on her home, and her corresponding bankruptcy proceedings.  This is the quintessential example of an identity of causes of action.  *Id.*

Because all four elements have been satisfied, the doctrine of *res judicata* bars Adams's claims against the defendants.  Accordingly, her complaint against them must be dismissed for failure to state a claim upon which relief can be granted.  *Temple*, 205 F.3d 1342; *Frank's Nursery & Crafts, Inc.*, 177 F.3d at 462.

### III.    Conclusion

For the foregoing reasons, the court **RECOMMENDS** that defendants' Motion to Dismiss **[30]** be **GRANTED**, and that plaintiff's claims against defendants Jonathan Rosenthal and LAMCO be **DISMISSED** *sua sponte*.


Dated: May 29, 2012                                s/David R. Grand
Ann Arbor, Michigan                               DAVID R. GRAND
                                                             United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2).   Failure to file specific objections constitutes a waiver of any further right of appeal.   *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).   The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.   *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).   Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.   A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).   Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 29, 2012.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager