UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

ADAMS, et. al.,

                  Plaintiffs,             Case No.: 12-cv-10308

                                         Honorable Mark Goldsmith

           v.                          Magistrate Judge David R. Grand

WILIMINGTON FINANCE/AIG, et. al.,

                  Defendants.

_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY IN PART
DEFENDANTS U.S. BANK, MERS AND CARMEN OIEN'S MOTION FOR
SANCTIONS AGAINST PLAINTIFF GRACE ADAMS [104]**

**I.      RECOMMENDATION**

Before the court is defendants U.S. Bank National Association ND ("U.S. Bank"),
Mortgage Electronic Registration System ("MERS") and Carmen Oien's ("defendants") Motion
for Sanctions against plaintiff Grace Adams [104].   For the following reasons, the court
RECOMMENDS that defendants' motion be GRANTED IN PART AND DENIED IN PART.

**I.      REPORT**

      **A.    Background**

On January 24, 2012, plaintiffs Grace Adams and Ronald Kerkstra filed a thirteen-count
"joinder complaint" against various individuals and entities, including the defendants, for alleged
unlawful foreclosure and eviction proceedings on separate pieces of property located in the state
of Michigan.[1]   This is Adams's fifth lawsuit in this District arising from the foreclosure on her

_____

[1] A more detailed description of the complaint's allegations and this case's procedural history is
contained in the court's May 29, 2012, Report and Recommendation to grant the defendants'
motion to dismiss [126], which the court incorporates here by reference.

property[2] ("*Adams I-IV*"); she has also filed five Chapter 13 petitions in the bankruptcy court (none of which obtained a discharge) seeking to forestall the foreclosure proceedings.[3] Defendant U.S. Bank has been a party to all four of Adams's previous civil actions, and defendants MERS and Oien were parties to *Adams IV*.   [126 at 7 fn. 4].   Adams's previous actions have all been dismissed, either for failure to state a claim up which relief could be granted, or for failure to comply with court orders.

As noted, this court has issued a Report and Recommendation to grant defendants' motion to dismiss on the grounds that Adams's instant claims are barred by *res judicata*.   [126]. The first twelve counts of Adams's complaint are essentially a verbatim recitation of the first twelve counts of her complaint in *Adams IV*, all of which were addressed on their merits by that court.   *Adams IV*, 2012 U.S. Dist. LEXIS 3733.   The allegations in Count XIII were addressed on their merits by the district court, presiding over Adams's bankruptcy appeal, in *Adams III*, 2011 U.S. Dist. LEXIS 28126.

Defendants now move for sanctions against Adams, alleging that her repeated filings in this district, as well as her repeated bankruptcy filings in the bankruptcy court of this district have been merely to harass defendants and cause unnecessary delay, in an attempt to delay foreclosure of her property and her subsequent eviction.   Furthermore, defendants assert that her

---

[2] *Adams v. Wilmington Finance, et al.*, No. 07-15494 (E.D. Mich. filed Dec. 27, 2007) (*Adams I*); *Adams v. U.S. Bank*, No. 10-10567, 2010 U.S. Dist. LEXIS 65411 (E.D. Mich. filed July 1, 2010) (*Adams II*); *Adams v. U.S. Bank*, No. 10-5541 (Bankr. E.D. Mich. June 16, 2010) on appeal No. 10-12481, 2011 U.S. Dist. LEXIS 28126 (E.D. Mich. Mar. 18, 2011) (*Adams III*); *Adams v. Mortgage Elec. Registration Sys.*, No. 11-14791, 2012 U.S. Dist. LEXIS 3733 (E.D. Mich. Jan. 12, 2012) (*Adams IV*).

[3] *In re Adams*, No. 08-60296 (Bankr. E.D. Mich. filed Aug. 21, 2008); *In re Adams*, No. 09-65692 (Bankr. E.D. Mich. filed August 19, 2009; *In re Adams*, No. 10-44892 (Bankr. E.D. Mich. filed Feb. 19, 2010); *In re Adams*, No. 10-60057 (Bankr. E.D. Mich. filed June 21, 2010); *In re Adams*, No. 11-45799 (Bankr. E.D. Mich. filed Mar. 4, 2011).

present claims are frivolous as they have all been previously adjudicated, sometimes more than once, on their merits by other courts in this district.  As a remedy, defendants seek reasonable attorney fees and costs, and an order barring Adams from filing any subsequent suits regarding her mortgage loan without prior court approval.  Adams filed a response to the motion, as well as a reply, however, neither one actually addresses any of defendants' arguments [120, 123]. Accordingly, the court has determined that a hearing on this issue is not necessary and the matter can be decided on the briefs.  *See* E.D. Mich. LR 7.1(e)(2).  [125].

**B.**   **Analysis**

*1.*   *Applicable Legal Standards*

Federal Rule of Civil Procedure 11(b) provides in pertinent part:

> By presenting to the court a pleading, written motion or other paper – whether by signing, filing, submitting or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information and belief, formed after an inquiry reasonable under the circumstances:
>
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery[.]

Rule 11(c)(1) provides in pertinent part:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation.[4]

---

[4] Rule 11(c)(2) provides that a motion for sanctions must be served upon the allegedly offending party twenty-one (21) days before being filed with the court, in order to provide the party with a

The test for sanctions "is whether the individual's conduct was reasonable under the circumstances." *Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 939 (6th Cir. 2002). This standard is an objective one: "an individual's subjective good faith belief in the merits of a case is not enough to prevent a violation of Rule 11 and possible Rule 11 sanctions." *Brooks v. Whirlpool Corp.*, No. 10-01098, 2011 U.S. Dist. LEXIS 94245 at *7-8 (W.D. Tenn. Aug. 23, 2011) (citing *Tapfs v. Proctor*, 316 F.3d 584, 594 (6th Cir. 2002).

It is well settled that Rule 11 applies to both attorneys and *pro se* litigants. *Brooks*, 2011 U.S. Dist. LEXIS 94245 at *8. "The signer's experience or inexperience will not revoke a sanction imposed under Rule 11 but may affect the severity of the penalty." *Id.*

2.    *Adams Violated Rule 11*

The court agrees with defendants that Adams violated Rule 11, and that sanctions in some form are warranted. "Sanctions are appropriate where, as here, the claims being asserted are clearly barred by the doctrine of *res judicata*." *Snyder v. All-Pak*, No. 06-1844, 2006 U.S. Dist. LEXIS 76010 at *13 (N.D. Ohio Oct. 19, 2006) (citing *Pittman v. Mich. Corr. Org.*, 123 Fed. Appx. 637 (6th Cir. 2005); *Hulen v. Polyak*, 782 F.2d 1042, 1985 U.S. App. LEXIS 13754 at *8 (upholding sanctions where "[p]laintiff unequivocally knew that a court of competent jurisdiction had already entertained litigation involving the identical subject matter, issues and parties;" noting "[u]nder these circumstances it is reasonable to conclude that this appellant did not have a good faith belief that her suit was well founded.")).

As the court stated in its Report and Recommendation on defendants' motion to dismiss, twelve out of Adams's thirteen claims in her present complaint are taken essentially verbatim

---

safe-harbor period in which to withdraw or correct the allegedly offending action.  Here, defendants state that they informed Adams on March 9, 2012, of the nature of the motion, and served her with a copy pursuant to this rule.  Defendants' motion was filed on April 27, 2012, well outside the required 21-day period.

from her previously-dismissed complaint in *Adams IV*, the only difference being that a number of these claims are now alleged against both U.S. Bank and MERS, whereas in the previous complaint they were alleged only against MERS (although U.S. Bank was a defendant in that suit). Count XIII had also already been addressed by another court in this district presiding over Adams's bankruptcy appeal in *Adams III*. Adams's attempt to "doctor up" her complaint here by alleging it as a purported "mass joinder" complaint and including plaintiff Kerkstra, as well as other plaintiffs and defendants, was not done in good faith, as she had already attempted to amend her complaint to join Kerkstra in *Adams IV* to no avail. *Adams IV*, 2012 U.S. Dist. LEXIS 3733 at *7-8. While the *Adams IV* court struck Adams's proposed amendments as not being properly filed, it went on to note that an attempt by her to file a mass joinder complaint on behalf of all Michigan homeowners whose homes had been foreclosed upon by advertisement through proceedings initiated by MERS would have been a futile amendment in any case, as the Michigan Supreme Court has held that MERS, as record holder of a mortgage, may initiate foreclosure proceedings by advertisement. *Id.; Residential Funding Co. v. Saurman*, 490 Mich. 909 (2011). Thus, Adams was on notice that such a claim, if addressed on its merits, would nevertheless be dismissed.

As this court stated in its May 29, 2012, Report and Recommendation [126], all of Adams's civil cases have raised identical or extremely similar claims to one another, all centering on issues related to her home mortgage origination, modification and foreclosure. It is clear to this court, as it was to the court in *Adams IV*, that her repeated lawsuits, all of which lack merit, are merely attempts to delay the foreclosure process on her property, and to re-hash issues already decided against her – both improper and sanctionable purposes under Rule 11. *Adams IV*, 2012 U.S. Dist. LEXIS 3733 at *3; Fed. R. Civ. P. 11(b)(1), (2).

5

Moreover, this court would not be the first to impose sanctions against Adams for her repeated attempts to litigate these matters. The bankruptcy court has already sanctioned Adams for her frivolous filings in that court. (*See* Def. Mot. Exhs. 1 and 2). As defendants point out, the bankruptcy court issued an order, after dismissing Adams's fourth petition, that barred her from filing a Chapter 7 bankruptcy for eight years, and a Chapter 13 bankruptcy for six years. (Def. Mot. Exh. 1). The bankruptcy court advised Adams that she would be sanctioned $1000 if she filed either petition within those timeframes. (*Id.*). Despite that warning, Adams filed a fifth bankruptcy petition, which was also dismissed without obtaining a discharge. (Def. Mot. Exh. 2). The bankruptcy court sanctioned Adams $250, and renewed the sanction order for future violations. (*Id.*).

Based on the foregoing circumstances, the court agrees with defendants that sanctions are warranted here, and defendants propose two types: an injunction preventing Adams from filing any other cases on this issue without prior approval of the court; and reasonable costs and fees. The court takes request each in turn.

        *3.*    *Sanctions*

The court must consider five factors to determine whether an injunctive sanction should be imposed to limit a litigant's future access to the federal courts:

1. The litigant's history of litigation and in particular whether it entails vexatious, harassing, or duplicative lawsuits;

2. The litigant's motive in pursuing the litigation, e.g. does the litigant have an objective good faith expectation of prevailing?

3. Whether the litigant is represented by counsel?

4. Whether the litigant caused needless expense to other parties or has posed an unnecessary burden on the courts and their personnel; and

5. Whether other sanctions would be adequate to protect the courts

6

> and the other parties.  Ultimately the question the court must
> answer is whether a litigant who has a history of vexatious
> litigation is likely to continue to abuse the judicial process and
> harass other parties.

*Tropf*, 289 F.3d at 940 n.18.

Here, the court finds that other than the fact that Adams has been representing herself in this matter, the remaining four factors weigh heavily in favor of an injunctive sanction against her.  As stated above, Adams's five civil cases to date have been duplicative in terms of subject matter, parties and claims, and at least the latter ones were filed in an improper attempt to forestall the inevitable proceedings against her.  Because each of her prior cases was dismissed on the merits, Adams had no objective good faith basis for believing she would prevail here. The court notes that Adams did not even meaningfully respond to defendants' motion to dismiss in this case on the *res judicata* issue.  [126 at 3].  Her numerous cases, as well as the myriad number of motions and briefs she has filed in the instant case, (many of which violated both the Federal Rules of Civil Procedure and this court's local rules), have caused defendants, other "parties," and this court to expend vast amounts of time and energy to address and resolve. Finally, that a monetary sanction imposed on Adams by the bankruptcy court did not deter her from refiling in that court supports the conclusion that an injunctive sanction is necessary to protect the interests of litigants as well as the integrity of the judicial process.

That Adams has been proceeding in these cases *pro se* is not enough to overcome the overwhelming evidence that an injunctive sanction is appropriate here.  Adams's lengthy litigation history, and her attempts to assist other would-be litigants as their purported "document preparer," shows that she has sufficient understanding of court rules and procedures to realize the vexatious nature of her filings.  Thus, the court concludes that Adams should be enjoined from filing, in federal district court, any civil lawsuit alleging or asserting factual or legal claims based

upon, or arising out of, the transactions or conduct at issue in the actions cited above, without first applying for and obtaining a court order authorizing her to file such lawsuit. *See e.g. Tropf*, 289 F.3d at 940; *Ortman v. Thomas*, 99 F.3d 807, 811 (1996); *Feathers v. Chevron U.S.A.*, 141 F.3d 264, 269 (6th Cir. 1998); *Callihan v. Commonwealth of Ky.*, 36 Fed. Appx. 551, 553 (6th Cir. 2002). Adams should also be required to attach a copy of this Report and Recommendation to any such application.

However, the court declines to impose a monetary sanction against Adams, who apparently is losing, or has lost her house, and who, as a *pro se* plaintiff, likely does not have sufficient assets to pay the reasonable costs and fees defendants incurred in defending against this action. Moreover, this court's ability to place restrictions on Adams's future filings, preventing her from bringing any future lawsuits on these matters absent approval of the court, will sufficiently deter her from future vexatious litigation such that the imposition of monetary sanctions is unnecessary. Therefore, the court does not recommend imposing monetary sanctions on Adams.

### C.    Conclusion

For the foregoing reasons, the court **RECOMMENDS GRANTING IN PART** defendants' Motion for Sanctions **[104] TO THE EXTENT IT SEEKS INJUNCTIVE RELIEF** and **DENYING IN PART** defendants' motion **TO THE EXTENT IT SEEKS MONETARY SANCTIONS**.

The court further **RECOMMENDS ORDERING** that plaintiff Grace Ellis Adams **BE ENJOINED** from filing, in federal district court, any civil lawsuit alleging or asserting factual or legal claims based upon, or arising out of, the transactions or conduct at issue in in this action, or in any of her prior actions involving the same subject matter, **WITHOUT FIRST APPLYING**

**FOR AND RECEIVING A COURT ORDER AUTHORIZING THE FILING OF SUCH LAWSUIT. ANY SUCH APPLICATION BY ADAMS SHOULD INCLUDE A COPY OF THIS REPORT AND RECOMMENDATION.**

Dated: May 30, 2012                                    s/David R. Grand
Ann Arbor, Michigan                                    DAVID R. GRAND
                                                       United States Magistrate Judge

## NOTICE REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on May 30, 2012.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager