UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS, et. al.,

                  Plaintiffs,            Case No.: 12-cv-10308
                                                    Honorable Mark A. Goldsmith
v.                                                 Magistrate Judge David R. Grand

WILMINGTON FINANCE/AIG, et. al.,

                  Defendants.

_____/

**REPORT AND RECOMMENDATION TO DISMISS PLAINTIFFS'
MATTHEW AND BARBARA CRUISE AND ALICE WILBERT'S
COMPLAINTS FOR FAILURE TO PROSECUTE [18, 35], DENY
PLAINTIFFS' MOTION TO JOIN AS DEFENDANT FEDERAL
NATIONAL MORTGAGE ASSOCIATION [18] AND DISMISS *SUA
SPONTE* PLAINTIFFS' THIRD-PARTY COMPLAINT AGAINST
THE UNITED STATES DEPARTMENT OF JUSTICE [88]**

**I.    RECOMMENDATION**

For the following reasons, the court recommends **DISMISSING** the complaints of plaintiffs Matthew and Barbara Cruise and Alice Wilbert for failing to pay the required filing fee or filing an application to proceed *in forma pauperis*, as ordered by this court [18, 35], **DENYING** plaintiff Kerkstra's "motion" to join defendant Federal National Mortgage Association ("Fannie Mae") [18], and **DISMISSING** plaintiff Grace Adams's third-party complaint against the Department of Justice *sua sponte* for failing to state a claim upon which relief can be granted [18].

**II.    REPORT**

    **A.    Background**

On January 24, 2012, plaintiffs Adams and Kerkstra filed a "joinder complaint" against defendants Wilmington Finance/AIG, U.S. Bank N.A./U.S. Bancorp, LAMCO, Carmen Oien,

Bank of America, Mortgage Electronic Registration System, Inc., and Jonathan Rosenthal for alleged violations of consumer protection laws regarding foreclosure and eviction proceedings on separate pieces of property located in Michigan. On March 2, 2012, plaintiffs Matthew and Barbara Cruise filed what was docketed as a "Notice of Joinder/Concurrence" in the original Adams/Kerstra complaint, but what was, in actuality, a separate "Joinder Complaint for Fraud, and Clear Title" alleging separate claims against defendant Wells Fargo arising out of a purported wrongful foreclosure on the Cruises' property [13] in California. On April 2, 2012, plaintiff Alice Wilbert filed a similar notice, also attaching another separate "Joinder Complaint for Wrongful Foreclosure, Predatory Lending, Fraud, and for Discrimination" against wholly separate defendants from the other plaintiffs, arising out of an alleged fraudulent mortgage transaction involving her property in Michigan. On May 3, 2012, this court recommended severing those complaints from the original Adams/Kerkstra complaint because they were misjoined [109]. In an order dated the same day, this court ordered that the Cruises and Wilbert either pay the required filing fee or file an application to proceed *in forma pauperis*. [110].

On March 23, 2012, Kerkstra filed a "notice" to join a new defendant, the Federal National Mortgage Association ("Fannie Mae") to the original complaint as he alleged that Fannie Mae claimed to have an interest in the property at issue in the complaint [18].

On April 6, 2012, plaintiff Adams filed a third-party complaint against the Department of Justice Civil Rights Division for wrongful foreclosure, predatory lending, fraud, and for discrimination, and as a surety for defendants Bank of America and Wells Fargo [88] In her one paragraph complaint she states that she seeks a "specific performance injunction" forcing the U.S. government to set aside $1 billion "of its recent bank settlement award brought against the Defendant banks in this case for similar and same violations of Plaintiffs [sic] rights in this case .

. .". Adams attaches to her complaint as Exhibits A and B, respectively, a consent order entered into between the United States and AIG Federal Savings Bank and a complaint filed by the United States and a number of individual states against, among others, Bank of America and Wells Fargo [88 Exhs. A and B].

    **B.**    **Analysis**

        *1.*    *Plaintiffs Cruise and Wilbert*

Federal Rule of Civil Procedure 41(b) provides that a case may be involuntarily dismissed "for failure of the plaintiff to prosecute or to comply with these rules or any order of the court . . ." While the rule goes on to say that "a defendant may move for dismissal" based on these prerequisites, the Supreme Court had held that a court need not wait for a defendant's motion to dismiss a case under this rule. *See Link v. Wabash R. Co.*, 370 U.S. 626, 630 (1962). The court in *Link* held that "[t]he authority of a federal trial court to dismiss a plaintiff's action with prejudice because of his failure to prosecute cannot seriously be doubted. The power to invoke this sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Here, since filing their complaints in March and early April of this year, respectively, neither the Cruises nor Wilbert have paid the requisite filing fee, nor have they applied to proceed *in forma pauperis* as ordered by this court on May 3, 2012 [110], the court recommends dismissing their complaints for failing to prosecute.

        *2.*    *Joining Fannie Mae*

Federal Rule of Civil Procedure 21 holds that "on a motion or on its own, the court may at any time, on just terms, add or drop a party." *See Morgan v. Cohen*, No. 11-11780, 2011 U.S. Dist. LEXIS 64407 at *5, 2011 WL 2461470 (E.D. Mich. June 16, 2011). Joinder of parties is

governed by Federal Rules of Civil Procedure 19 and 20.  Rule 19 governs required joinder of parties, and states that parties must be joined of "in that person's absence, the court cannot accord complete relief among existing parties; or that person claims an interest relating to the subject of the action and is so situated that disposing of the action in the person's absence may .[either] . . . impair or impede the person's ability to protect the interest; or leave an existing party subject to substantial risk of incurring double, multiple, or otherwise inconsistent obligations because of the interest."  The Sixth Circuit has set forth a three-part test for evaluating whether an absent party must be joined to a suit. *Sch. Dist. V. Sec'y of the United States Dept. of Educ.*, 584 F.3d 253, 301 (6th Cir. 2009).  A court must determine whether the party to be joined is a required party.  *Id.*  If the party is required, then the question turns to whether joinder is feasible or if lack of jurisdiction (subject matter or personal) makes joinder impossible.  *Id.*  Finally, if joinder is not possible, equities must be weighed to determine if the suit can continue in the party's absence.  *Id.*

Permissive joinder is governed by Fed. R. Civ. P. 20.  Defendants may be joined if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action."  The Sixth Circuit has interpreted the term "transaction" broadly to "avoid a multiplicity of suits."  *Lasa Per L'Industria Del Maro Society Pero Azioni v. Alexander*, 414 F.2d 143, 147 (6th Cir. 1969).  The Sixth Circuit requires that a "logical relationship" exist among the parties to be joined.  *Id.*.

Here, the court need not reach the question of whether necessary or permissive joinder would be proper, because the court has already recommended that the complaint underlying Kerkstra's request for joinder be dismissed for failure to state a claim upon which relief can be

granted. As there are no longer any defendants or claims persisting in Kerkstra's case, there is no case in which he could join Fannie Mae. Therefore, the court recommends denying Kerkstra's motion to join Fannie Mae.

### 3. Third-Party Complaint Against Department of Justice/United States As Surety

The court recommends dismissing *sua sponte* plaintiff Adams's third-party complaint against the Department of Justice and the United States as a surety for Bank of America and Wells Fargo. The entirety of plaintiffs' third-party complaint against the Department of Justice and the United States is as follows:

> In this Joinder Complaint Plaintiffs seek a specific performance injunction whereby the Defendant United States of America as surety for the Defendant banks set-aside $1,000,000,000.00 of its recent bank settlement award brought against the Defendant banks in this case for similar and same violations of Plaintiffs rights in this case, attached as Exhibit A and B.

[88]. Once a complaint is filed *in forma pauperis* under 28 U.S.C. § 1915(a), it is tested under § 1915(e). Under 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if it finds that the case is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

Here, the court has already recommended that Adams's complaint against AIG and Kerkstra's complaint against Bank of America be dismissed for failure to state a claim upon which relief can be granted. In this Report and Recommendation, the court recommends dismissing the Cruises' complaint against Wells Fargo for failure to prosecute. Because there are no underlying defendants remaining for which the United States is an alleged surety, the court recommends dismissing the third-party complaint against it and the Department of Justice for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). Moreover, dismissal is also appropriate on the merits. Under Fed. R. Civ. P. 8(a)(2), a complaint must

contain a "short and plain statement of the claim showing that the pleader is entitled to relief." And, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

Here, plaintiffs' complaint against the United States and Department of Justice is nothing more than a single, nonsensical sentence requesting those defendants to "set aside" one billion dollars to pay some portion of plaintiffs' purported damages, without providing any factual details whatsoever establishing their entitlement to that relief from those particular defendants, let alone this court's jurisdiction over them with respect to that relief. That is clearly insufficient to state a claim for relief under the applicable pleading standards. Fed R. Civ. P. 8(a)(2); *Bredesen*, 500 F.3d at 527 (citing *Twombly*, 550 U.S. at 555-56).

### C.     Conclusion

For the foregoing reasons, the court **RECOMMENDS DISMISSING** the complaints of plaintiffs Matthew and Barbara Cruise and Alice Wilbert for failing to pay the required filing fee or filing an application to proceed *in forma pauperis*, pursuant to an order of this court, [13, 35], **DENYING** plaintiff Kerkstra's "motion" to join defendant Federal National Mortgage Association ("Fannie Mae") [18], and **DISMISSING** plaintiff Grace Adams's third-party complaint against the Department of Justice *sua sponte* for failing to state a claim upon which relief can be granted [88].

Dated: June 19, 2012                                s/David R. Grand
Ann Arbor, Michigan                          DAVID R. GRAND
                                                    United States Magistrate Judge

## NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 19, 2012.

                                                             s/Felicia M. Moses
                                                             FELICIA M. MOSES
                                                             Case Manager