UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS, et. al.,

                Plaintiffs,           Case No.: 12-cv-10308
                                              Honorable Mark A. Goldsmith
v.                                 Magistrate Judge David R. Grand

WILMINGTON FINANCE/AIG, et. al.,

                Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT DEFENDANT
AIG FEDERAL SAVINGS BANK'S MOTION TO DISMISS [128]**

**I.    RECOMMENDATION**

This matter is before the court for a report and recommendation pursuant to an order of the district court referring all pretrial matters to this court [9]. For the following reasons the court RECOMMENDS that defendant AIG Federal Savings Bank's ("AIG") motion to dismiss [128] be GRANTED.

**II.    REPORT**

    **A.    Background**

On January 24, 2012, plaintiffs Grace Adams and Ronald Kerkstra filed a thirteen-count "joinder complaint" against defendants "Wilmington Finance/AIG,"[1] U.S. Bank N.A./U.S. Bancorp ("U.S. Bank"), LAMCO, Carmen Oien, Bank of America, Mortgage Electronic Registration System, Inc. ("MERS"), and Jonathan Rosenthal for alleged unlawful foreclosure and eviction proceedings on separate pieces of property located in the state of Michigan.[2] This is

---

[1] The correct name of this defendant is AIG Federal Savings Bank.

[2] On April 27, 2012, this court recommended severing Kerkstra's claims from the instant case and dismissing his complaint *sua sponte* for failing to state a claim upon which relief could be

Adams's fifth lawsuit in this District arising from the foreclosure of her home ("*Adams I-IV*"); she has also filed five Chapter 13 petitions in the bankruptcy court seeking to forestall the foreclosure proceedings.³ Of these, only in *Adams I* was AIG named as a defendant. Adams's previous actions have all been dismissed, either for failure to state a claim upon which relief can be granted, or for failure to comply with court orders.

On May 30, 2012, this court issued a report and recommendation to grant defendants Mortgage Electronic Registration System, U.S. Bank and Carmen Oien's motion to dismiss Adams's claims because they were barred by the doctrine of *res judicata*. AIG filed a motion to dismiss [18] arguing principally that it, too, is entitled to a dismissal of Adams's claims under *res judicata*. AIG also presents other grounds in favor of a dismissal, including that plaintiffs other than Adams raised no allegations against AIG, Adams failed to state a claim upon which relief may be granted, and that certain of her claims are time-barred.

**B.     Analysis**

   *1.     Legal Standards*

A motion to dismiss pursuant to Fed. R. of Civ. P. 12(b)(6) tests a complaint's legal

---

granted [103]. This court has similarly recommended severing and dismissing the claims of additional "joinder plaintiffs" who improperly attempted to add themselves to the complaint. [93, 109, 135]. The court also agrees with AIG's instant argument that neither Kerkstra nor any of the "joinder plaintiffs" make allegations against AIG. Thus, even if the court had not already recommended dismissal of their claims, it would recommend doing so here.

³ *Adams v. Wilmington Finance, et al.*, No. 07-15494 (E.D. Mich. filed Dec. 27, 2007) ("*Adams I*"); *In re Adams*, No. 08-60296 (Bankr. E.D. Mich. filed Aug. 21, 2008); *In re Adams*, No. 09-65692 (Bankr. E.D. Mich. filed August 19, 2009; *Adams v. U.S. Bank*, No. 10-10567, 2010 U.S. Dist. LEXIS 65411 (E.D. Mich. filed July 1, 2010) ("*Adams II*"); *In re Adams*, No. 10-44892 (Bankr. E.D. Mich. filed Feb. 19, 2010) and *Adams v. U.S. Bank*, No. 10-5541 (Bankr. E.D. Mich. June 16, 2010) together on appeal No. 10-12481, 2011 U.S. Dist. LEXIS 28126 (E.D. Mich. Mar. 18, 2011) ("*Adams III*"); *In re Adams*, No. 10-60057 (Bankr. E.D. Mich. filed June 21, 2010); *In re Adams*, No. 10-60057, (Bankr. E.D. Mich. Filed June 21, 2010); *In re Adams*, No. 11-45799 (Bankr. E.D. Mich. filed Mar. 4, 2011); *Adams v. Mortgage Elec. Registration Sys.*, No. 11-14791, 2012 U.S. Dist. LEXIS 3733 (E.D. Mich. Jan. 12, 2012) ("*Adams IV*").

sufficiency. Under Fed. R. Civ. P. 8(a)(2), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (*citing Twombly*, 550 U.S. at 556). The plausibility standard "does not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of illegal [conduct]." *Twombly*, 550 U.S. at 556. Put another way, the complaint's allegations "must do more than create speculation or suspicion of a legally cognizable cause of action; they must show *entitlement* to relief." *League of United Latin Am. Citizens v. Bredesen*, 500 F.3d 523, 527 (6th Cir. 2007) (emphasis in original) (citing *Twombly*, 550 U.S. at 555-56).

In deciding whether a plaintiff has set forth a "plausible" claim, the court must accept the factual allegations in the complaint as true. *Id.*; *see also Erickson v. Pardus*, 551 U.S. 89, 94 (2007). That tenet, however, "is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice," to prevent a complaint from being dismissed on grounds that it fails to sufficiently comport with basic pleading requirements. *Iqbal*, 129 S.Ct. at 1949. *See also*, *Twombly*, 550 U.S. at 555; *Howard v. City of Girard, Ohio*, 346 Fed. Appx. 49, 51 (6th Cir. 2009). Furthermore, a court is not required to "create a claim which [a plaintiff] has not spelled out in his pleading." *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). Ultimately, "[d]etermining whether a complaint states a plausible claim for relief will . . . be a context-specific task that

3

requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 129 S.Ct. at 1949.

Pleadings filed by *pro se* litigants are entitled to a more liberal reading than would be afforded to formal pleadings drafted by lawyers. *Thomas v. Eby*, 481 F.3d 434, 437 (6th Cir. 2007). Nonetheless, "[t]he leniency granted to pro se [litigants] ... is not boundless," *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir.2004), and "such complaints still must plead sufficient facts to show a redressable legal wrong has been committed." *Baker v. Salvation Army*, No. 09-11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011).

The doctrine of *res judicata* or "claim preclusion" bars further claims by a party or its privies based on the same cause of action upon which a final judgment on the merits has already been rendered. *EEOC v. Frank's Nursery & Crafts, Inc.*, 177 F.3d 448, 462 (6th Cir. 1999). The doctrine "bars not only claims already litigated, but also every claim arising from the same transaction that the parties, exercising reasonable diligence, could have raised but did not." *Buck v. Thomas M. Cooley Law School*, 597 F.3d 812, 817 (6th Cir. 2010) (quoting *Adair v. State*, 470 Mich. 105, 121 (2004)). *See also Frank's Nursery & Crafts*, 177 F.3d at 462 (*res judicata* bars not only claims actually raised previously, but also those that "were previously available to the parties, regardless of whether they were asserted or determined in the first proceeding.") (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979). "Whether a factual grouping constitutes a transaction for purposes of *res judicata* is to be determined pragmatically, by considering whether the facts are related in time, space, origin or motivation, [and] whether they form a convenient trial unit." *Buck*, 597 F.3d at 817 (quoting *Adair*, 470 Mich. at 125). The burden of proving *res judicata* is on the party asserting it. *Id.*

Four elements must be met in order for *res judicata* to apply to a given case: "(1) a final

4

decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; (4) an identity of the causes of action." *Rawe v. Liberty Mut. Fire Ins. Co.*, 492 F.3d 521, 528 (6th Cir. 2006) (quoting *Kane v. Magna Mixer Co.*, 71 F.3d 555, 560 (6th Cir. 1995). When a party satisfies each of the four elements as to any particular claim, a motion to dismiss that claim is meritorious. *Temple v. United States Air Force*, 205 F.3d 1342 (6th Cir. 2000).

### 2. *Adams's Claims are Barred by the Doctrine of Res Judicata*

AIG asserts that Adams's claims against it should be barred by *res judicata* because all of those claims were raised, or could have been raised, in *Adams I*. Adams responds, lumping all defendants together, stating that her claims are not barred by the doctrine because she is complaining of continuing violations on the part of defendants, and that at the time she filed *Adams I*, she was not aware of all of the violations defendants committed. Although she lumps all of the defendants together, taking AIG individually, the court disagrees with Adams that *res judicata* does not apply.

Adams's claims should be dismissed because AIG satisfies each of the four elements of the *res judicata* doctrine. First, a final decision was issued on the merits in *Adams I*. The *Adams I* court dismissed AIG as a defendant for failure to state a claim upon which relief could be granted. *See Adams I*, 2008 U.S. Dist. LEXIS 58468 (E.D. Mich. Aug. 1, 2008). Adams did not appeal this decision. That dismissal was therefore "on the merits" and constitutes "actual litigation" of the claim. *Guzowski v. Hartman*, 849 F.2d 252, 255 (6th Cir. 1988) (citing Restatement (Second) of Judgments § 27, comment d (1982) ("actually litigated" includes motions to dismiss for failure to state a claim)).

Second, the present action is between the same parties to *Adams I*, as both Adams and AIG were parties to that prior action.

Third, the claims raised in the instant complaint against AIG either were or could have been raised in *Adams I*. In the *Adams I* complaint, Adams alleged that AIG through its brokers coercered her and rushed her into refinancing her mortgage when she could not afford it, misrepresented the terms of her new mortgage and then modified her mortgage terms from an adjustable rate to a fixed rate without her knowledge or consent. After she proceeded to complain about AIG to a federal agency, she alleged that AIG and U.S. Bank conspired to foreclose upon her home. All of this occurred in the timeframe between 2006 and 2007. In her instant complaint, Adams barely mentions AIG, except to the extent that AIG was the original financer of her mortgage loan and that she believed her new servicer, U.S. Bank, began foreclosure proceedings against her after she filed complaints with a federal agency against AIG. To the extent she alleges any wrongdoing against AIG, it all appears to stem from same timeframe and subject matter covered in *Adams I*. While Adams argues that her instant complaint alleges continuing violations against the defendants, it contains no such allegations against AIG. Nor does Adams point to any "new" allegations against AIG in her instant complaint of which she was not aware when she filed her complaint in *Adams I*. Therefore, the court finds that the allegations against AIG in the instant complaint were raised in (or could have been raised in) *Adams I*, satisfying the third factor of the *res judicata* analysis.

Finally, both cases have an identity of causes of action. The Sixth Circuit has interpreted this final element to be satisfied if "'the claims arose out of the same transaction or series of transactions,' or if 'the claims arose out of the same core of operative facts.'" *Winget v. JP Morgan Chase Bank, N.A.*, 537 F.3d 565, 580 (6th Cir. 2008) (quoting *Browning v. Levy*, 283

F.3d 761, 773-74 (6th Cir. 2002). All of Adams's claims against AIG, both in this case and *Adams I*, involve loan and mortgage issues related to the origination of her mortgage loan, alleged misrepresentations made in connection with modifications to that loan, and the subsequent foreclosure attempt on her property, resulting in corresponding bankruptcy proceedings. This is the quintessential example of an identity of causes of action. *Id.*

Because all four elements have been satisfied, the doctrine of *res judicata* bars Adams's claims against AIG. Accordingly, her complaint against AIG must be dismissed for failure to state a claim upon which relief can be granted. *Temple*, 205 F.3d 1342; *Frank's Nursery & Crafts, Inc.*, 177 F.3d at 462.

Because the court recommends granting AIG's motion to dismiss on grounds of *res judicata*, it need not reach the alternative bases for relief raised in AIG's instant motion.

### C. Conclusion

For the foregoing reasons, the court **RECOMMENDS** that AIG's Motion to Dismiss **[128]** be **GRANTED**, and that plaintiff's claims against defendant AIG be **DISMISSED**.

Dated: June 19, 2012  s/David R. Grand
Ann Arbor, Michigan  DAVID R. GRAND
United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*,

638 F.2d 947, 949–50 (6th Cir.1981). The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge. A party may respond to another party's objections within 14 days after being served with a copy. *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1). Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on June 19, 2012.

s/Felicia M. Moses
FELICIA M. MOSES
Case Manager
