UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS, et al.

       Plaintiffs,

v.

SPRINGLEAF FINANCIAL SERVICE/AIG
formerly WILMINGTON FINANCE/AIG,
US BANK NA/U.S. BANCORP,
LAMCO,
CARMEN OIEN,
BANK OF AMERICA,
MORTGAGE ELECTRONIC REGISTRATION
SYSTEMS, INC. (MERS),
JONATHAN ROSENTHAL,
W.J. COULSON, JR.,
WELLS FARGO,
EQUISTAR CHEMICAL, L.P.,
BALLARD EXPLORATION COMPANY, INC.,
ETOCO, INC.,
ATLANTIC RICHFIELD COMPANY,
LAWRENCE A. WOODS,
LEE EDWARDS WOODS, JR.,
PAMELA JOYCE WOODS WILLIAMS,
CITY OF HOUSTON,

       Defendants.
_____/

Case No. 12-cv-10308
HON. MARK A. GOLDSMITH

**OPINION AND ORDER ACCEPTING AND ADOPTING REPORTS AND
RECOMMENDATIONS (DKTS. 90, 91, 93, 98, 99, 102, 103, 109, 126, 127, 135, 136),
GRANTING DEFENDANTS' MOTIONS TO DISMISS (DKTS. 30, 128), GRANTING IN
PART AND DENYING IN PART DEFENDANTS' MOTION FOR SANCTIONS
(DKT. 104) AND DENYING ALL OTHER MOTIONS
AND DISMISSING CASE**

### I.     Introduction and Background

This matter is before the Court on a number of motions and Reports and Recommendations ("R&Rs") entered in this action. Plaintiffs – individuals whose properties have been or are in the process of being foreclosed – have brought suit against the foreclosing financial institutions and their representatives. Plaintiff Grace Adams, proceeding pro se, appears to be representing all Plaintiffs, having filed the majority or all of Plaintiffs' filings in this case and being named in some of Plaintiffs' filings as "Document Preparer." Adams has previously filed four lawsuits in this District arising from the foreclosure on her property ("Adams I-IV");[1] this is her fifth. She has also filed five Chapter 13 petitions in the bankruptcy court (none of which obtained a discharge) seeking to forestall the foreclosure proceedings.[2] The complaint (Dkt. 1) was originally filed by Plaintiffs Adams and Ronald Kerkstra; Potential plaintiffs James Jetson, Jr., Matthew & Barbara Cruise, and Rose B. Webb – all of whom allege claims against completely distinct Defendants – sought to join the suit via various "notices" (Dkts. 12, 13, 17).

On March 30, 2012, Plaintiffs requested that the Clerk of the Court enter default under Federal Rule of Civil Procedure 55(a) against several Defendants (Dkts. 25, 28, 58, 60, 62, 64,

---

[1] Adams v. Wilmington Finance, et al., No. 07-15494 (E.D. Mich. Filed Dec. 27, 2007) (Adams I); Adams v. U.S. Bank, No. 10-10567, 2010 U.S. Dist. LEXIS 65411 (E.D. Mich. filed July 1, 2010) (Adams II); Adams v. U.S. Bank, No. 10-5541 (Bankr. E.D. Mich. June 16, 2010) on appeal No. 10-12481, 2011 U.S. Dist. LEXIS 28126 (E.D. Mich. Mar. 18, 2011) (Adams III); Adams v. Mortgage Elec. Registration Sys., No. 11-14791, 2012 U.S. Dist. LEXIS 3733 (E.D. Mich. Jan. 12, 2012) (Adams IV).

[2] In re Adams, No. 08-60296 (Bankr. E.D. Mich. filed Aug. 21, 2008); In re Adams, No. 09-65692 (Bankr. E.D. Mich. filed August 19, 2009; In re Adams, No. 10-44892 (Bankr. E.D. Mich. filed Feb. 19, 2010); In re Adams, No. 10-60057 (Bankr. E.D. Mich. filed June 21, 2010); In re Adams, No. 11-45799 (Bankr. E.D. Mich. filed Mar. 4, 2011).

66).  The Clerk made entries of default against those Defendants (Dkts. 43, 46, 72, 74, 76, 78, 80).  Plaintiffs then requested that the Clerk enter default judgment against Defendants attaching purported "sum certain" affidavits ranging from $5 million to $100 billion pursuant to Federal Rule of Civil Procedure 55(b)(1) (Dkts. 40, 53, 54, 55, 57, 59, 61, 63, 65, 67).  The Clerk denied those requests citing, for one Defendant (Etoco, Inc.), that no entry of default had been made against that defendant (Dkt. 71) and, with regard to the other Defendants, that the requests lacked a proper statement setting forth a sum certain or a sum that could be made certain (Dkts. 68, 69, 73, 75, 77, 79, 81).  Plaintiffs then filed motions for default judgment against Defendants (Dkts. 85, 86).

Magistrate Judge David R. Grand has entered twelve R&Rs in this case, which recommend, inter alia:

- severing the claims of all other Plaintiffs from Adams's complaint and dismissing these claims (Dkts. 93, 103, 109, 135);

- denying Plaintiffs' motions for default judgment and setting aside the Clerk's entries of default (Dkts. 90, 91, 98);

- granting the motion to dismiss (Dkt. 30) filed by Defendants U.S. Bank, MERS, and Carmen Oien, and sua sponte dismissing Adams's claims against Defendants Jonathon Rosenthal and LAMCO (Dkt. 126);

- granting the motion to dismiss (Dkt. 128) filed by Defendant AIG Federal Savings Bank (Dkt. 136);

- granting in part the motion for sanctions (Dkt. 104) filed by Defendant U.S. Bank, MERS, and Carmen Oien against Adams (Dkt. 127); and

- sua sponte dismissing Adams's third-party complaint against the Department of Justice (Dkt. 135).

The R&Rs implicate the claims against all Defendants such that adopting them all would mean that there are no more claims against any Defendant and the case should be dismissed in its entirety.  The filings in this case have been voluminous, and many of them are mislabeled or

mis-styled. In the interest of simplicity and organization, the Court addresses the motions and R&Rs as they pertain to a particular Plaintiff.

For the reasons that follow, the Court accepts and adopts all the Magistrate Judge's R&Rs, dismisses all claims by all Plaintiffs against all Defendants, sets aside all entries of default, and grants in part and denies in part the motion for sanctions against Adams.

## II. Discussion

### a. Grace Adams

#### i. Claims Against Defendants U.S. Bank, MERS, and Carmen Oien, Jonathon Rosenthal and LAMCO

On March 30, 2012, Defendants U.S. Bank National Association ND, Carmen Oien, and MERS filed a motion to dismiss Adams's claims against them (Dkt. 30). The Magistrate Judge recommended granting Defendants' motion to dismiss, and sua sponte dismissing Adams's claims against Defendants Jonathon Rosenthal and LAMCO, on the ground that all of Adams's claims against these Defendants are barred by the doctrine of res judicata (Dkt. 126).[3] Specifically, the Magistrate Judge concluded that (i) Adams's claims were dismissed in final decisions on the merits in Adams's previous cases, Adams I-IV; (ii) the present action is between the same parties to one or more of these previous cases; (iii) the claims raised in the instant complaint either were or could have been raised in her prior actions; and (iv) all of Adams's claims, both in this case and her prior ones, involve the same loan and mortgage issues related to the same piece of property, including the origination of her mortgage loan, her attempt at loan

---

[3] The elements of res judicata are, "(1) a final decision on the merits by a court of competent jurisdiction; (2) a subsequent action between the same parties or their privies; (3) an issue in the subsequent action which was litigated or which should have been litigated in the prior action; (4) an identity of the causes of action." Rawe v. Liberty Mut. Fire Ins. Co., 492 F.3d 521, 528 (6th Cir. 2006).

modification, the eventual foreclosure on her home, and her corresponding bankruptcy proceedings. Id.

Adams has filed a "Motion for Reconsideration" (Dkt. 134), which the Court construes as an objection to the R&R. However, in this document, Adams continues to reiterate the allegations of her underlying claims. Adams has not addressed why her claims are not barred by the doctrine of res judicata. Thus, in accordance with the R&R's notice requiring the parties' objections within 14 days, Adams has waived any further right of appeal on this issue. Thomas v. Arn, 474 U.S. 140, 155 (1985); see also Spencer v. Bouchard, 449 F.3d 721, 725 (6th Cir. 2006) (objections may not be overly general; rather, they must be "clear enough to enable the district court to discern those issues that are dispositive and contentious") (quoting Miller v. Currie, 50 F.3d 373, 380 (6th Cir. 1995)). Although filings by pro se plaintiffs are held to a less stringent standard that those prepared by attorneys, "this lenient treatment has limits." Frengler v. Gen. Motors, No. 11-3378, 2012 WL 2044419, at *2 (6th Cir. June 7, 2012). Pro se litigants "still must plead sufficient facts to show a redressable legal wrong has been committed." Baker v. Salvation Army, No. 09–11424, 2011 WL 1233200, at *3 (E.D. Mich. Mar. 30, 2011). The Court concludes that the Magistrate Judge reached the correct result in concluding that Adams's claims are barred by res judicata. Accordingly, the Court accepts and adopts the R&R and grants Defendants' motion to dismiss.

### ii. Claims Against Defendant AIG Federal Savings Bank

On May 30, 2012, Defendant AIG Federal Savings Bank ("AIG"), alternatively named in this action as Wilmington Finance, a Division of AIG Federal Savings Bank, Wilmington Finance/AIG, and/or Springleaf Financial Service/AIG, moved to dismiss the claims against it (Dkt. 128). The Magistrate Judge recommended in an R&R entered June 19, 2012 (Dkt. 136)

that the Court grant AIG's motion for the reason that the Adams I court dismissed AIG as a defendant for failure to state a claim upon which relief could be granted, and Adams did not appeal the Adams I decision. Because all of Adams's claims were raised, or could have been raised, in a previous final decision on the merits, and arise from the same transaction or facts as that previous action, the doctrine of res judicata bars claims against AIG just as it bars claims against Defendants U.S. Bank, MERS, and Carmen Oien, Jonathon Rosenthal and LAMCO. Specifically, the Magistrate Judge concluded that (i) Adams's claims were dismissed in final decisions on the merits in Adams's previous cases; (ii) the present claims are between the same parties to one or more of these previous cases; (iii) the claims raised in the instant complaint either were or could have been raised in her prior actions; and (iv) all of Adams's claims, both in this case and her prior ones, involve the same loan and mortgage issues related to the same piece of property, including the origination of her mortgage loan, her attempt at loan modification, the eventual foreclosure on her home, and her corresponding bankruptcy proceedings. Id.

Adams filed a "Rule 53 Objection to Magistrate Report and Recommendation to Dismiss Plaintiff's Case" (Dkt. 141) and an "Answer, Objection and Motion to Deny Defendant's Motion to Dismiss" (Dkt. 143); however, although the Clerk has entered these documents as objections to specific R&Rs, including this one (Dkt. 136), neither document specifies to which R&R it objects. These objections do not address why the claims are not barred by the doctrine of res judicata. No other objection to this R&R has been filed. Thus, in accordance with the R&R's notice requiring the parties' objections within 14 days, Adams has waived any further right of appeal on this issue. Thomas, 474 U.S. at 155; see also Spencer, 449 F.3d at 725 (objections may not be overly general; rather, they must be "clear enough to enable the district court to discern those issues that are dispositive and contentious") (quoting Miller, 50 F.3d at 380).

6

Although filings by pro se plaintiffs are held to a less stringent standard that those prepared by attorneys, "this lenient treatment has limits." Frengler, 2012 WL 2044419 at *2. Pro se litigants "still must plead sufficient facts to show a redressable legal wrong has been committed." Baker, 2011 WL 1233200 at *3. The Court concludes that Magistrate Judge reached the correct result that Adams's claims are barred by res judicata. Accordingly, the Court accepts and adopts the R&R and grants AIG's motion to dismiss.

### iii. Adams's Third-Party Complaint Against the Department of Justice

On April 6, 2012, Plaintiff Adams filed a third-party complaint (Dkt. 88) against the Department of Justice Civil Rights Division for wrongful foreclosure, predatory lending, fraud, and discrimination, and as a surety for defendants Bank of America and Wells Fargo. In her one-paragraph complaint she states that she seeks a "specific performance injunction" forcing the United States government to set aside $1 billion "of its recent bank settlement award brought against the Defendant banks in this case for similar and same violations of Plaintiffs [sic] rights in this case." The Magistrate Judge recommended in an R&R entered June 19, 2012 (Dkt. 135) that the Court sua sponte dismiss Adams's third-party complaint, screening the complaint under 28 U.S.C. § 1915(a). As provided by 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if the court finds that the case is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Specifically, the Magistrate Judge concluded that the complaint is dismissable because (i) the Court is dismissing all Defendants from the original complaint and thus there are no underlying defendants remaining for which the United States is an alleged surety, and (ii) the complaint fails to allege any facts that would give rise to a cognizable legal claim and is thus subject to dismissal under Fed. R. Civ. P 12(b)(6).

The only objection Adams filed following this R&R are her above-referenced "Rule 53 Objection to Magistrate Report and Recommendation to Dismiss Plaintiff's Case" (Dkt. 141) and "Answer, Objection and Motion to Deny Defendant's Motion to Dismiss" (Dkt. 143), which do not address at all the third-party complaint against the Department of Justice.  Thus, in accordance with the R&R's notice requiring the parties' objections within 14 days, she has waived any further right of appeal on this issue.  Thomas, 474 U.S. at 155; see also Spencer, 449 F.3d at 725 (objections may not be overly general; rather, they must be "clear enough to enable the district court to discern those issues that are dispositive and contentious") (quoting Miller, 50 F.3d at 380).  In any case, the Court finds that the Magistrate Judge is correct that there is no cognizable claim alleged; accordingly, the Court dismisses Adams's third-party complaint in addition to her original complaint.

### iv. Other Claims

On April 20, 2012, Adams filed a "Complaint For Emergency Injunction Against Fannie Mae, And Complaint To Joinder The Office Of The Comptroller Of Currency, For Failure To Investigate, And To Prosecute, And For Accounting, And Joinder Third Party Plaintiff The Consumer Financial Protection Bureau (CFPB)" (Dkt. 101).  The Magistrate Judge construed this document as a motion for a temporary restraining order ("TRO") or preliminary injunction and recommended that it be denied (Dkt. 102).  Adams has not objected to this R&R, thus waiving any further right of appeal on this issue.  Thomas, 474 U.S. at 155.  In any event, given the Court's dismissal of Adams's claims, the motion is denied as moot.

### v. Sanctions

On April 27, 2012, Defendants U.S. Bank, Carmen Oien, and MERS filed a motion for sanctions and for an order barring Adams from filing more lawsuits.  The Magistrate Judge

concluded in an R&R (Dkt. 127) that Adams violated Rule 11 and is subject to sanctions, and recommends granting the motion in part by ordering that Adams:

> BE ENJOINED from filing, in federal district court, any civil lawsuit alleging or asserting factual or legal claims based upon, or arising out of, the transactions or conduct at issue in this action, or in any of her prior actions involving the same subject matter, WITHOUT FIRST APPLYING FOR AND RECEIVING A COURT ORDER AUTHORIZING THE FILING OF SUCH LAWSUIT. ANY SUCH APPLICATION BY ADAMS SHOULD INCLUDE A COPY OF THIS REPORT AND RECOMMENDATION.

R&R at 8-9 (Dkt. 127). The Magistrate Judge recommended the motion be denied to the extent that it seeks monetary sanctions because Adams "likely does not have sufficient assets to pay the reasonable costs and fees defendants incurred in defending against this action" and because "this court's ability to place restrictions on Adams's future filings, preventing her from bringing any future lawsuits on these matters absent approval of the court, will sufficiently deter her from future vexatious litigation." Id. at 9.

The only filings of Adams subsequent to this R&R are the same two objections referenced above (Dkts. 141, 143); however, the objections contain generalized, conclusory allegations against all foreclosing entities in general, and do not address the recommendation regarding sanctions. Adams has also filed a "Motion to Disqualify Magistrate Judge for his Personal Prejudice and Bias Against Plaintiff" (Dkt. 139); however, this motion contains only conclusory and unsubstantiated allegations against the Magistrate Judge and in any event does not specifically address the Magistrate Judge's recommendation regarding sanctions. Because Adams has not specifically objected to the recommendation regarding sanctions, Adams has waived any further right of appeal on this issue. Thomas, 474 U.S. at 155; see also Spencer, 449 F.3d at 725 (objections may not be overly general; rather, they must be "clear enough to enable the district court to discern those issues that are dispositive and contentious") (quoting Miller, 50

F.3d at 380). In any case, the Court concludes that the Magistrate Judge has reached the correct result for the proper reasons, and orders an injunction against Adams as set forth in the R&R and in the Court's Conclusion, below.

### vi. Adams's Motion to Disqualify the Magistrate Judge

On June 21, 2012, Adams filed "Motion to Disqualify Magistrate Judge for his Personal Prejudice and Bias Against Paintiff" (Dkt. 139). However, this motion is deficient. Under 28 U.S.C. § 144, the movant must submit an affidavit accompanying such a motion. Adams's "Verification in Lieu of Affidavit" is insufficient because it was not made under penalty of perjury. See 28 USC § 1746 (unsworn verification has force and effect of sworn verification or affidavit only if subscribed "as true under penalty of perjury"). Furthermore, the movant must allege particular facts indicating personal bias, stemming from extrajudicial sources rather than what the judge learned from his participation in the case. Ullmo ex rel. Ullmo v. Gilmour Acad., 273 F.3d 671, 681 (6th Cir. 2001). Here, Adams only makes broad and conclusory statements that the Magistrate Judge did not follow the law, which is not only defective for lack of specificity, but also defective because the bias is not "personal."

Accordingly, Adams's motion to disqualify the Magistrate Judge will be denied.

### b. Ronald Kerkstra

Plaintiff Ronald Kerkstra is specifically referenced in only two of the original complaint's 142 paragraphs, with his allegations relating solely to an alleged illegal foreclosure under a Michigan statute. Compl. ¶¶ 12, 34 (Dkt. 1). Specifically, Kerkstra claims that MERS and Bank of America "illegally foreclosed upon [his home] through the use of non-judicial foreclosure by advertisement as otherwise permitted under MCL 600.3201 et. seq., and the documents Bank of America used to take his home contain[] a fraudulent or surrogate signed

document by a known robosigner." Id. Both Adams and Kerkstra make allegations against MERS; however, Bank of America does not appear to have been involved in Plaintiff Adams's foreclosure transactions, and the Defendants involved in Adams's foreclosure transactions do not appear to have been involved in Kerkstra's foreclosure transactions.

The Magistrate Judge recommended in an R&R (Dkt. 103) that Kerkstra's claims be severed from Adams's pursuant to Federal Rule of Civil Procedure 21, which provides that "on a motion or on its own, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against a party." The Magistrate Judge concluded that,

> Here, there is no logical relationship between the plaintiffs or most of the defendants. There is no actual or inferential connection between the transactions out of which plaintiff Adams and plaintiff Kerkstra's respective claims arise. The only common fact is that the plaintiffs' allegations arise from alleged wrongful foreclosures which were allegedly accomplished through advertisement pursuant to Michigan law. The only common defendant is MERS, and there are no allegations specific to plaintiff Kerkstra to glean any facts common to both Adams' and Kerkstra's foreclosures. It is similarly impossible to tell on the face of this complaint how there could be any common questions of law, as Adams' allegations are very situation-specific; one of her principal complaints relates to her failed attempt to obtain a loan modification that was rejected after U.S. Bank allegedly fraudulently told a bankruptcy court that Adams had already been offered a loan modification but rejected it, and there are no factual allegations at all with regard to the circumstances surrounding Kerkstra's foreclosure other than that a "robosigner" supposedly signed a "document" used in obtaining the foreclosure.

R&R at 3-4 (Dkt. 103).

The Magistrate Judge also recommended that Kerkstra's complaint be dismissed sua sponte for failure to state a claim upon which relief can be granted, screening Kerkstra's pro se complaint under 28 U.S.C. § 1915(a). As provided by 28 U.S.C. § 1915(e)(2)(B), a court "shall dismiss" a case at any time if the court finds that the case is: "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Specifically, the Magistrate Judge concluded that Kerkstra's

complaint fails under Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007), and Ashcroft v. Iqbal, 556 U.S. 662 (2009) – which require "enough facts to state a claim to relief that is plausible on its face" – because Kerskstra alleged no specific facts as to either MERS or Bank of America that would give rise to a cognizable claim to relief. See R&R at 6-7 (Dkt. 103).

Kersktra filed a "Motion for Reconsideration of Magistrate's Unjoinder Order and Plaintiff and Memorandium [sic]" (Dkts. 116, 117),[4] which the Court construes as an objection to the R&R. Defendant Bank of America filed a response to Kerkstra's objection (Dkt. 124). Kerkstra then filed an "Answer and Objection to Defendant Bank of America's Motion to Dismiss" (Dkt. 129) and "Motion To Amend Answer And Objection To Defendant Bank Of America's Motion To Dismiss To Include Exhibits D9 And D10" (Dkt. 130), which the Court construes as replies, as well as a motion to amend the complaint.

Kerkstra's objection repeats his allegations from the complaint of "robo-signers;" however, Kerkstra's objection asserts facts not present in the original complaint. In the objection, Kerkstra "demands to see [the] original mortgage note" and asserts that Defendant Bank of America was not a legal holder of the note. Kerkstra's additional filings (Dkts. 129, 130) attempt to amend the complaint to include additional exhibits – loan and foreclosure documents signed by Bank of America employee Edward Gallegos. Kerkstra argues that these documents and MERS's assignment of the mortgage are invalid due to fraud arising from "forged Robo Signed signatures."

The Court rejects Kerkstra's objections. Kerkstra has not requested leave of the Court to amend his complaint, and even if he had, leave would be denied because the amendment would

---

[4] The documents filed as Dkt. 116 and Dkt. 117 are identical; however, Dkt. 116 is only signed by "Document Preparer Grace Adams," whereas Dkt. 117 bears the signatures of both Kerkstra and Adams.

be futile. See Colvin v. Caruso, 605 F.3d 282, 294 (6th Cir. 2010) ("A motion to amend a complaint should be denied if the amendment is brought in bad faith, for dilatory purposes, results in undue delay or prejudice to the opposing party, or would be futile.") (quoting Crawford v. Roane, 53 F.3d 750, 753 (6th Cir. 1995)). Contrary to Kerkstra's assertions, the Michigan Supreme Court has held that MERS holds an "interest in the indebtedness" by virtue of a security lien, the continued existence of which was contingent upon the satisfaction of the indebtedness. Residential Funding Co., L.L.C. v. Saurman, 805 N.W.2d 183 (Mich. 2011). Accordingly, MERS and its assigns – including Back of America – are authorized under M.C.L. 600.3204(1) to foreclose mortgages by advertisement. Soto v. Wells Fargo Bank, N.A., No. 11-14064, 2012 WL 113534 at *3 (E.D. Mich. Jan. 13, 2012). As to Kerkstra's "robo-signer" allegations, courts in this District have held that bare allegations that "robo-signers" were used to sign documents are insufficient to state a claim of fraud. McCann v. U.S. Bank, N.A., No. 11-14804, 2012 WL 1902481, at *15 (E.D. Mich. May 25, 2012); Block v. BAC Home Loans Servicing LP, No. 11-11181, 2012 WL 2031640, at *4 (E.D. Mich. June 6, 2012).

Furthermore, Kerkstra has not responded to the Magistrate Judge's recommendations to sever his claims from Adams's lawsuit. Thus, in accordance with the R&R's notice requiring the parties' objections within 14 days, Kerkstra has waived any further right of appeal on this issue. Thomas, 474 U.S. at 155; see also Spencer, 449 F.3d at 725 (objections may not be overly general; rather, they must be "clear enough to enable the district court to discern those issues that are dispositive and contentious") (quoting Miller, 50 F.3d at 380). Although filings by pro se plaintiffs are held to a less stringent standard that those prepared by attorneys, "this lenient treatment has limits." Frengler, 2012 WL 2044419 at *2. Pro se litigants "still must plead sufficient facts to show a redressable legal wrong has been committed." Baker, 2011 WL

13

1233200 at *3. In any case, the Court concludes that Magistrate Judge reached the correct result that Kerkstra's complaint should be severed and dismissed for failure to state a claim upon which relief can be granted.

### i. Kerkstra's Notice to Join Additional Defendant

On March 23, 2012, Kerkstra filed a notice to join the Federal National Mortgage Association ("Fannie Mae") as a new defendant to the original complaint, alleging that Fannie Mae claimed to have an interest in the property at issue in the complaint (Dkt. 18). The Magistrate Judge recommended in an R&R entered June 19, 2012 (Dkt. 135) dismissing Kerkstra's request for joinder because, in light of the recommendation that the Court conclude that dismissal of all claims and Defendants is proper, no case exists to which Fannie Mae could be joined. Kerkstra has not objected to this R&R; thus, in accordance with the R&R's notice requiring the parties' objections within 14 days, he has waived any further right of appeal on this issue. Thomas, 474 U.S. at 155.[5] In any case, the Court agrees that joining Fannie Mae would be inappropriate; accordingly, Kerkstra's request for joinder is dismissed.

### c. James Jetson, Jr., Matthew & Barbara Cruise, Rose Webb, and Alice Wilbert

On March 1, 2012, Plaintiff James Jetson, Jr. filed what was docketed as a "Notice of Joinder/Concurrence" in the Adams/Kerkstra complaint (Dkt. 12), but his actual filing purports to be a separate "joinder complaint" which alleges claims against Defendants W.J. Coulson, Jr., Lawrence Woods, Lee Edwards Woods, Jr., Pamela Joyce Woods Williams, and against Etoco

---

[5] On June 21, 2012, Adams filed an objection (Dkt. 141), which the Clerk has entered as an objection to a number of R&Rs, including this one (Dkt. 135), even though Adams herself did not specify to which R&Rs it objects. However, neither this objection nor Adams's later objection (Dkt. 143) addresses Kerkstra's attempt to join an additional Defendant, nor is Kersktra even signatory to these objections.

Inc., Atlantic Richfield Company, Equistar Chemical, Ballard Exploration, and the City of Houston. Jetson seeks injunctive relief and $100 billion in monetary damages against those Defendants, alleging fraud, forgery, trespass, ejectment, unpaid child support, and unpaid oil and mineral rights royalties, all allegedly arising from a purported wrongful foreclosure. Id. ¶ 14. According to the addresses filed with the Court, Jetson resides in Texas, the property at issue is located in Texas, and all of the Defendants he seeks to sue, except for Defendant Atlantic Richfield, are located in Texas.

On March 2, 2012, Plaintiffs Matthew and Barbara Cruise filed what was docketed as a "Notice of Joinder/Concurrence" (Dkt. 13), but what was, in actuality, a separate "Joinder Complaint for Fraud, and Clear Title" alleging separate claims against Defendant Wells Fargo. On March 22, 2012, Plaintiff Rose Webb also filed such a notice (Dkt. 17), attaching another separate "Joinder Complaint for Trespass to Try Title, Ejectment, and for Clear Title" against eighteen defendants, none of whom are named in the Adams/Kerkstra complaint. On April 2, 2012, Plaintiff Alice Wilbert filed a similar notice (Dkt. 35), attaching yet another separate "Joinder Complaint for Wrongful Foreclosure, Predatory Lending, Fraud, and for Discrimination" against ABN Admiral Mortgage Company.

The Magistrate Judge issued an R&R recommending that Jetson's claims be severed from the original complaint filed by Adams and Kerkstra (Dkt. 93). The Magistrate Judge concluded that joinder was improper because Jetson's claims involve wholly different defendants, different properties, and different underlying facts from that cited in the original complaint. The Magistrate Judge further recommended that the Court sua sponte dismiss Jetson's severed complaint for lack of subject matter jurisdiction because, while Jetson alleges diversity jurisdiction, both he and many of the Defendants he proposes to sue have Texas citizenship.

Jetson has not objected to this R&R; thus, in accordance with the R&R's notice requiring the parties' objections within 14 days, he has waived any further right of appeal on this issue. Thomas, 474 U.S. at 155.  In any case, the Court concludes that the Magistrate Judge has reached the correct result for the proper reasons; accordingly, Jetson's claims will be severed and dismissed.

The Magistrate Judge also issued an R&R recommending that the Cruises, Webb, and Wilbert's claims be severed from the original complaint (Dkt. 109).  The Magistrate Judge concluded that joinder was improper because these Plaintiffs' claims involve wholly different defendants, different properties, and different underlying facts from that cited in the original complaint.  The Magistrate Judge further recommended that the Court sua sponte dismiss Webb's severed complaint for lack of subject matter jurisdiction because, while Webb alleges diversity jurisdiction, both she and many of the Defendants she proposes to sue have Virginia citizenship.  In a separate R&R (Dkt. 135), the Magistrate Judge recommended that the Cruises and Wilbert's complaints be dismissed for failure to prosecute given that since filing their complaints they have neither paid the requisite filing fee nor have they applied to proceed in forma pauperis as ordered by this Court on May 3, 2012 (Dkt. 110).  The Cruises, Webb, and Wilbert have not objected to this R&R; thus, in accordance with the R&Rs' notices requiring the parties' objections within 14 days, they have waived any further right of appeal on this issue. Thomas, 474 U.S. at 155.  In any case, the Court concludes that the Magistrate Judge has reached the correct result for the proper reasons; accordingly, the Cruises, Webb, and Wilbert's claims will be severed and dismissed.

### d. Other Matters

#### i. Default Judgments

In response to requests that the Clerk enter default against Defendants (Dkts. 25, 28, 58, 60, 62, 64, 66), the Clerk entered default against those Defendants (Dkts. 43, 46, 72, 74, 76, 78, 80). However, the Clerk denied requests for an entry of default judgment against Defendants for the reason that a statement setting forth a sum certain or a sum that can be made certain by computation was missing (Dkts. 68, 69, 73, 75, 77, 79, 81), and, for one Defendant, that an entry of default had not previously been made (Dkt. 71). Plaintiffs then filed motions for default judgment against Defendants (Dkts. 85, 86).

The Magistrate Judge recommended denying Plaintiffs' motions for default judgment and setting aside the Clerk's entries of default against Defendants and denying Plaintiffs' motions for default judgment (Dkts. 90, 91, 98).[6] The R&Rs noted that Defendants had not been properly served by the U.S. Marshal Service as required by Fed. R. Civ. P. 4(c)(3), and therefore entries of default as to these Defendants could not be appropriate. The R&Rs also rejected Plaintiffs' requests for default judgment for the Defedants against whom there had been no entry of default. Furthermore, the R&Rs noted that no entry of default or default judgment would be proper for claims subject to dismissal. Because the Court dismisses all claims in this case, no entry of default or default judgment is proper.

Plaintiffs objected to one of the R&Rs recommending setting aside the entry of default against Defendant Bank of America (Dkt. 91), arguing that service was properly made to Defendant Bank of America (Dkt. 92). However, because the Court dismisses all claims against

---

[6] The Magistrate Judge also issued an R&R (Dkt. 99) recommending denying as moot Defendant Jonathan Rosenthal's motion to set aside entry of default (Dkt. 97) because it was already recommended to set aside the entry of default in the above-mentioned R&Rs.

Defendants, no entry of default or default judgment against them would be proper. Accordingly, the Court denies as moot Plaintiffs' motions for default judgment (Dkts. 85, 86), and sets aside the entries of default previously made by the Clerk, as recommended by the Magistrate Judge (Dkt. 98).

### ii. Other Motions

To the extent there are any other pending motions, they are denied as moot, given that the Court has dismissed all the claims in this case.

### III. Conclusion

For the foregoing reasons, it is ordered that:

- The R&Rs to set aside the Clerk's entry of default (Dkts. 42, 43, 46, 72, 74, 76, 78, 80), to deny Plaintiffs' motions (Dkts. 51, 85, 86) for default judgment, to grant Bank of America's motion (Dkt. 82) to set aside entry of default (Dkt. 42), and to deny as moot Jonathan Rosenthal's motion (Dkt. 97) to set aside entry of default are accepted and adopted as the opinion of the Court (R&R Dkts. 90, 91, 98, 99).

- The R&R to deny Plaintiffs' emergency injunction (Dkt. 101) is accepted and adopted as the opinion of the Court (R&R Dkt. 102).

- The R&Rs to sever Plaintiffs' claims (Compls. Dkts. 12, 13, 17, 35), to dismiss those claims, to deny Plaintiffs' motion to join defendants (Dkts. 18), and to dismiss Plaintiffs' third party complaints (Dkt. 88) are accepted and adopted as the opinion of the Court (R&R Dkts. 93, 103, 109, 135).

- The R&Rs to grant Defendants' motions to dismiss (Dtks. 30, 128) and to dismiss Plaintiffs' claims are accepted and adopted as the opinion of the Court (R&R Dkts. 126, 136).

- The R&R to grant in part and deny in part Defendants' motion for sanctions (Dkt. 104) is accepted and adopted as the opinion of the Court (R&R Dkt. 127). Defendants' motion is granted to the extent it seeks injunctive relief and denied to the the extent it seeks monetary sanctions. Plaintiff Grace Ellis Adams is ENJOINED from filing, in federal district court, any civil lawsuit alleging or asserting factual or legal claims based upon, or arising out of, the transactions or conduct at issue in this action, or in any of her prior actions involving the same subject matter, WITHOUT FIRST APPLYING FOR AND RECEIVING A COURT ORDER AUTHORIZING THE FILING OF SUCH LAWSUIT. ANY SUCH APPLICATION BY ADAMS SHALL INCLUDE A COPY OF THIS OPINION AND ORDER.

- Adams's motion to disqualify the Magistrate Judge (Dkt. 139) is denied.

- All other pending motions are denied as moot.

SO ORDERED.

Dated: July 16, 2012　　　　　　　　　　　s/Mark A. Goldsmith
　　　Flint, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　United States District Judge

### CERTIFICATE OF SERVICE

　　　The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 16, 2012.

　　　　　　　　　　　　　　　　　　　　　s/Deborah J. Goltz
　　　　　　　　　　　　　　　　　　　　　DEBORAH J. GOLTZ
　　　　　　　　　　　　　　　　　　　　　Case Manager