UNITED STATES DISTRICT COURT
EASTERN DISTICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS, et. al.,

                  Plaintiffs,         Case No.: 12-cv-10308
                                                Honorable Mark A. Goldsmith
      v.                                           Magistrate Judge David R. Grand

WILMINGTON FINANCE/AIG, et. al.,

                  Defendants.
_____/

**REPORT AND RECOMMENDATION TO GRANT IN PART AND DENY
IN PART DEFENDANTS' MOTIONS FOR PERMANENT INJUNCTION [154, 155]**

**I.    RECOMMENDATION**

Before the court are defendants U.S. Bank, N.A., Mortgage Electronic Registration Systems, Inc., and Carmen Oien's (collectively "MERS defendants") and defendant AIG Federal Savings Bank's ("AIG") motions seeking: (1) to enjoin a pending New York state court action commenced by plaintiff Grace Adams; and (2) a permanent injunction preventing her from filing any future state court actions which challenge the validity of her mortgage or the defendants' conduct in foreclosing on her property [154, 155]. These motions have been referred to this court for a report and recommendation pursuant to 28 U.S.C. § 636(b)(1)(B) [157]. For the following reasons, the court RECOMMENDS that defendants' motions [154, 155] be GRANTED IN PART AND DENIED IN PART.

**II.    REPORT**

    **A.    Background**

This action's background was outlined in detail in this and the district court's many prior decisions, *see e.g.*, Doc. #103; Doc. #126; Doc. #135; and Doc. #145, and the court will discuss only those facts directly relevant to the resolution of the instant motions. On January 24, 2012,

plaintiff Grace Adams filed a complaint in this court which challenged her mortgage's validity and her lenders' conduct in foreclosing on her property. This was the fifth action Adams filed in this district related to those matters, with the first four having been dismissed by the respective judges assigned to those cases [145 at 2 fn. 1].[1] This court issued numerous orders and reports and recommendations in the instant action, all of which the district court accepted in its July 16, 2012 opinion and order. [145]. In short, the district court disposed of the complaint in its entirety, finding that Adams' claims were barred by the doctrine of res judicata. *Id.* Adams moved for reconsideration, but the district court denied that motion [156], and Adams did not appeal. One of this court's recommendations, which was accepted by the district court, resulted in an injunction against Adams, preventing her from filing, in federal district court, any civil lawsuit based on, or arising out of, the transactions at issue in this or any of her previous cases in this court without first receiving court authorization [127, 145].

Subsequently, Adams filed a new action, this time in state court, in the Supreme Court of the State of New York in Kings County, New York [154, Exh. 1]. Adams' complaint, although joining new and unique plaintiffs and defendants, essentially asserts many of the same claims she asserted in this and the previous actions filed and concluded in this court. Defendants then filed the instant motions in this court seeking to enjoin the pending state court action in New York, and seeking to permanently enjoin Adams "from filing any additional state court lawsuits concerning her mortgage." [154 at 11; 155 at ¶8]. Adams did not file a response to defendants' motions.

Since filing the instant motions, the MERS defendants removed Adams' New York state court action to federal court in the Eastern District of New York, and they have moved to have

---

[1] She also filed five Chapter 13 petitions in the bankruptcy court (none of which obtained a discharge) seeking to forestall the foreclosure proceedings. [*Id.* fn. 2]

their portion of that case severed and transferred to the Eastern District of Michigan [158 Exh. 1, 3]. Apparently, that motion is still pending in the Eastern District of New York. [*Id.*].

B. **Legal Standard**

The standard for a permanent injunction is essentially the same as for a preliminary injunction, except that the movant seeking a permanent injunction must show actual success on the merits, rather than a mere likelihood of success as is required for a preliminary injunction. *ACLU of Kentucky v. McCreary County*, 607 F.3d 439, 445 (6th Cir. 2010) (citing *Amoco Prod. Co. v. Village of Gambell*, 480 U.S. 531, 546 n. 12 (1987). In determining whether to award injunctive relief, the court also considers whether: (1) the movant would suffer irreparable harm absent the injunction; (2) remedies available at law, such as monetary damages, are adequate to compensate the movant; (3) the balance of the hardships between the parties favors an equitable remedy; and (4) the requested injunction would serve the public interest. *See Ebay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

C. **Analysis**

1. *Request to Enjoin a Pending State Court Action*

The MERS defendants and AIG move this court to enjoin what was, at the time, Adams' pending New York state court action. However, since filing their motions, that case was removed from state court to federal court. [158 at 2]. Thus, because there is no pending state court action to enjoin, the court recommends denying this portion of AIG's and the MERS defendants' motions as moot.

2. *Request to Enjoin Future State Court Actions*

The MERS defendants and AIG also seek to permanently enjoin Adams from filing future state court actions against them that seek to re-litigate the issues decided against her by

this court. [154 at 11; 155 at ¶8].

Generally, a federal court's power to enjoin a party from filing suit is found in the All Writs Act, which provides that federal courts may "issue all writs necessary or appropriate in aid of their respective jurisdiction . . ." 28 U.S.C. § 1651(a). The Act's seemingly broad scope is narrowed considerably by both case law and statute. *See Fharmacy Records v. Nassar*, 806 F.Supp.2d 1030, 1034 (E.D. Mich. 2011) (citing *In re Life Investors Ins. Co. of Am.*, 589 F.3d 319, 330 (6th Cir. 2009). For instance, as the Sixth Circuit recently explained, the Act "should only be used 'sparingly and only in the most critical and exigent circumstances.'" *Life Investors*, 589 F.3d at 330 (quoting *Wisconsin Right to Life, Inc. v. FEC*, 542 U.S. 1305, 1306, 125 S.Ct. 2, 159 L.Ed.2d 805 (2004) (Rehnquist, C.J., in chambers)). *See also Molski v. Evergreen Dynasty Corp.*, 500 F.3d 1047, 1057 (9th Cir. 2007) ("pre-filing orders are an extreme remedy that should rarely be used.") (citing *De Long v. Hennessey*, 912 F.2d 1144, 1146 (9th Cir. 1990)). Federal courts must also be mindful not to improperly "infring[e] on legitimate exercises of state judicial power." *Newby v. Enron Corp.*, 302 F.3d 295, 301 (5th Cir. 2002). The Anti-Injunction Act also limits the Act's breadth by prohibiting a federal court from issuing injunctions "to stay proceedings in State courts except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgment." 28 U.S.C. § 2283.[2]

Clearly, where circumstances warrant it, this court has the *authority* under the All Writs

---

[2] The Anti-Injunction Act's limitations apply only to *pending* state court proceedings, not potential *future* ones. *Dombrowski v. Pfister*, 380 U.S. 479, 485 n.2 (1965). *See also Tropf v. Fidelity Nat'l Title Ins. Co.*, 289 F.3d 929, 941-42 (6th Cir. 2002) (holding that the Anti-Injunction Act "prohibits injunctions against *pending* state court proceedings; the Act does not preclude injunctions against the institution of state court proceedings…We have held that the Anti Injunction Act prohibits federal courts from issuing injunctions against state court proceedings 'commenced after the institution of the federal suit but before the … injunction was issued.'") (italics in original) (quoting *Roth v. Bank of the Commonwealth*, 583 F.2d 527, 528 (6th Cir. 1978)). Since the court has found defendants' request to enjoin Adams' New York state court action is moot, it need not further evaluate the Act's applicability here.

Act to enjoin a party from commencing future state court actions involving the parties and issues that have previously been decided in this court. *Id.* The court must now determine whether such circumstances exist here.

In *Newby*, 302 F.3d at 301, an oft-cited case on this issue, the Fifth Circuit held that "it is widely accepted that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court." *See also Orlando Residence Ltd. v. GP Credit Co.*, LLC, 609 F.Supp.2d 813, 816-17 (E.D. Wis. 2009) ("Under the All Writs Act, 28 U.S.C. § 1651(a), district courts retain the 'inherent power to enter pre-filing orders against vexatious litigants.'") (quoting *Molski*, 500 F.3d 1047, 1057 (9th Cir. 2007). "To determine whether such a pre-filing injunction is appropriate, courts examine (1) the history of vexatious, harassing or duplicative lawsuits; (2) the litigant's motive in pursuing the litigation; (3) whether the litigant was represented by counsel; (4) whether the litigant caused needless expense or posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate." *Orlando Residence*, 609 F.Supp.2d at 817 (citing *Safir v. U.S. Lines, Inc.*, 792 F.2d 19, 24 (2d Cir. 1986).

Applying these factors to the instant case, the court finds that it is appropriate to award some form of permanent injunctive relief limiting Adams' ability to freely commence future state court actions which seek to re-litigate the claims already decided against her in the Eastern District of Michigan actions. At least in this action, Adams displayed a penchant for needlessly multiplying the proceedings. After her claims had already been rejected in her earlier cases, she not only filed the instant federal action seeking to re-litigate them, but she unreasonably multiplied the proceedings by attempting, as a purported "document preparer," to add unrelated

plaintiffs, unrelated defendants, and unrelated claims to her complaint. [*E.g.*, 93, 103, 109, 135, 145]. Adams also filed numerous procedurally improper papers with the court, such as motions for clerk's entry of default against defendants who had never been served. [*E.g.*, 26, 27, 28, 29; *see also* orders setting aside clerk's entry of default, *e.g.*, 90, 91, 98]. The court spent an inordinate amount of time dealing with these matters, as reflected by the fact that it issued 12 reports and recommendations and 12 substantive orders in a case that never got past the motion to dismiss stage. Then, after the court, in an attempt to rein in Adams' behavior, enjoined her from filing any additional federal court lawsuits related to the subject of this action without leave of court, she raised the same claims in New York state court. Once again, Adams appears to be acting as if she is class-action counsel for a group of persons with unrelated claims. [145 at 2; 155 at 32].

While Adams is certainly entitled to zealously advocate for herself on these matters of great importance to her, she still must recognize and adhere to the rules of procedure and law. The proper way to deal with an adverse decision of a court is to appeal that decision to the proper appellate court. Instead of doing so, however, Adams simply re-filed her claims – both in federal, and now state court – and then needlessly multiplied the proceedings by engaging in the conduct described above. This shows her conduct to be driven, at least in part, by a desire to improperly burden the defendants, which, in turn, has caused an unnecessary burden on the courts.

At this stage, it is no excuse that Adams has not been represented by counsel in these matters. Although she is not a lawyer, her pleadings and other filings show her to be relatively knowledgeable about the applicable substantive and procedural laws and rules, as well as quite resourceful. The court's rulings have been explained to Adams sufficiently that her continuing

status as a *pro se* plaintiff does not significantly militate against an injunction. Finally, although Adams seems to have obeyed the court's earlier injunction, within days of its issuance, she filed the New York state action. It is thus clear that some form of injunction restricting her ability to freely file future state court actions related to these matters is appropriate.[3]

### 3. Most Appropriate Injunctive Relief

For the reasons stated in this court's various reports and recommendations and the district court's opinion and order adopting them, as well as the Eastern District of Michigan decisions that preceded the filing of this action, the defendants have shown actual success on the merits of Adams' claims against them related to the validity of her mortgage and the process the defendants employed in foreclosing on her property. The court also finds that requiring defendants to repeatedly re-litigate those matters in state court would cause them "irreparable harm," at least as that term is understood in the context of a request like the instant one. *See Terlecky v. Hurd*, 133 F.3d 377, 381 (6th Cir. 1997) ("…the potential irreparable harm to the defendants from the failure to issue an injunction is obvious. The [defendants] are forced to defend in yet another forum the identical claims that were asserted against their principals unsuccessfully."). In light of Adams' apparent inability to satisfy any monetary judgment against her, a pecuniary deterrent seems inadequate. Balancing the hardships tips in the defendants' favor; while Ms. Adams may well be experiencing a significant hardship as a result of her mortgage troubles, she had ample opportunities to litigate those matters, and was not successful. *See Canady v. Allstate Ins. Co.*, 282 F.3d 1005, 1020 (8th Cir. 2002) (*rev'd* on other grounds) ("the deprivation of an opportunity to pursue the same issues in a state forum does not

---

[3] The court also incorporates by reference the facts and analysis contained in its May 30, 2012 report and recommendation, which recommended that Adams be permanently enjoined from commencing a new related federal court action without first filing for and receiving a court order authorizing such suit [127], an injunction which the district court adopted verbatim. [145 at 18].

7

constitute a legitimate harm requiring a balancing of equities"). On the other hand, the work that defendants and the courts have been required to perform subsequent to the final determination of those issues could have, and should have been avoided. Accordingly, some form of permanent injunctive relief appears to be in the public interest. *See Ebay,* 547 U.S. at 391.

On somewhat similar underlying facts where a plaintiff property owner filed multiple lawsuits against her mortgage company in an effort to stall its lawful attempts to foreclose on her property, the Western District of Michigan enjoined the plaintiff "from pursuing any future state court litigation concerning these issues without attaching to her first filing in state court a copy of [this order]." *Sinclair v. U.S.*, 2007 WL 1106125, at *9 (W.D. Mich. April 05, 2007). While Adams' conduct has been fairly egregious, in light of the principles articulated above, *supra* at 4, suggesting that federal courts rely on the All Writs Act "sparingly and only in the most critical and exigent circumstances," *Life Investors*, 589 F.3d at 330, and that they take particular care not to "infring[e] on legitimate exercises of state judicial power," *Newby.*, 302 F.3d at 301, the court finds that an injunction like the one issued in *Sinclair* is most appropriate in this case at this time (as opposed to one flatly prohibiting her from commencing new state court actions).[4]

The court therefore recommends enjoining Adams from commencing against AIG and/or the MERS defendants any future state court action which seeks to re-litigate claims and/or causes of action on which those defendants have already prevailed in this court without attaching to her first filing in any such action a copy of this report and recommendation (and any related order of the district court) as well as the district court's July 16, 2012 opinion and order [145].

---

[4] Certainly, should the injunction recommended herein prove to be ineffective at reining in Adams' behavior, the defendants could re-apply to this court for a more restrictive one.

### III. CONCLUSION

For the foregoing reasons, the court **RECOMMENDS** that AIG's and the MERS defendants' Motions for Permanent Injunction **[154, 155]** be **DENIED AS MOOT** to the extent they seek to enjoin the New York state court action that has since been removed to federal court. It further **RECOMMENDS** that their motion be **GRANTED** to the extent that AIG and the MERS defendants seek to enjoin Adams from freely commencing future state court actions against them which seek to re-litigate claims and/or causes of action on which they have already prevailed in this court. To that end, the court further **RECOMMENDS** that Adams be enjoined from commencing against AIG and/or the MERS defendants any future state court action which seeks to re-litigate claims and/or causes of action on which those defendants have already prevailed in this court without attaching to her first filing in any such action a copy of this report and recommendation (and any related order of the district court) as well as the district court's July 16, 2012 opinion and order [145]. The court also **RECOMMENDS** admonishing Ms. Adams that her violation of the court's injunctions could subject her to severe contempt of court penalties.

Dated: February 13, 2013                s/David R. Grand
Ann Arbor, Michigan                     DAVID R. GRAND
                                        United States Magistrate Judge

### NOTICE TO THE PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to act within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. § 636(b)(1) and Fed.R.Civ.P. 72(b)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140

(1985); *Howard v. Secretary of HHS*, 932 F.2d 505, 508 (6th Cir.1991); *United States v. Walters*, 638 F.2d 947, 949–50 (6th Cir.1981).  The filing of objections which raise some issues, but fail to raise others with specificity, will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Secretary of HHS*, 931 F.2d 390, 401 (6th Cir.1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir.1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.  A party may respond to another party's objections within 14 days after being served with a copy.  *See* Fed. R. Civ. P. 72(b)(2); 28 U.S.C. §636(b)(1).  Any such response should be concise, and should address specifically, and in the same order raised, each issue presented in the objections.

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 13, 2013.

                                                s/Felicia M. Moses
                                                FELICIA M. MOSES
                                                Case Manager