UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS,

    Plaintiff,                                                Civil Action No. 12-10308

vs.                                                      HON. MARK A. GOLDSMITH

SPRINGLEAF, et al.,

    Defendants.
_____/

**<u>ORDER (1) ACCEPTING AND ADOPTING THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION DATED FEBRUARY 13, 2013 (DKT. 161), (2) GRANTING IN PART DEFENDANTS' MOTIONS FOR SANCTIONS (DKTS. 154 and 155) and (3) DENYING ALL OTHER OUTSTANDING MOTIONS (DKTS. 164, 165, 167, 177)</u>**

This matter is presently before the Court on the Report and Recommendation (R&R) of Magistrate Judge David R. Grand, issued on February 13, 2013. In the R&R, the Magistrate Judge recommends granting in part and denying in part Defendants' motions for sanctions (Dkts. 154 and 155), so that Plaintiff Grace Adams is enjoined from commencing against Defendants any future state court action seeking to re-litigate claims and/or causes of action on which those Defendants have already prevailed in this Court without attaching to her first filing in any such action (i) a copy of the R&R, (ii) a copy of any related order of this Court, and (iii) a copy of this Court's July 16, 2012 Opinion and Order (Dkt. 145). The R&R further recommends admonishing Plaintiff that her violation of the Court's injunctions could subject her to contempt.

The parties did not file timely objections to the R&R, and the time to do so expired on March 4, 2013.[1] The failure to file a timely objection to an R&R constitutes a waiver of the right

---

[1] Plaintiff filed three documents styled as objections to the R&R (Dkts. 170, 173, and 174). The first document, filed on March 5, 2013, does not specifically object to the R&R; for this reason

to further judicial review. See Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings.").

Nevertheless, the Court has reviewed the R&R and finds that the Magistrate Judge reached the correct result for the correct reasons. As the R&R explained, "it is widely accepted

---

alone it may be rejected. Howard v. Sec'y of Health & Human Servs., 932 F.2d 505, 509 (6th Cir. 1991) (failure to assert specific objection does not properly raise issue for district judge's determination). Furthermore, the document asserts a deprivation of civil rights by the Magistrate Judge under 42 U.S.C. § 1983 and requests relief from judgment under Federal Rule of Civil Procedure 60. Even if Plaintiff's objections were timely, the Court would overrule them. The § 1983 claim is meritless because the Magistrate Judge enjoys absolute immunity. Thompson v. Mich. Dep't of Corr., 25 F. App'x 357, 358 (6th Cir. 2002). Relief under Rule 60 is improper because the "party seeking relief from judgment must show the applicability of the rule," and Plaintiff has not done so. Jinks v. AlliedSignal, Inc., 250 F.3d 381, 385 (6th Cir. 2001). She has merely cited that relief must be given pursuant to Rule 60.

Likewise, the second and third documents styled as objections do not present any specific objections to the R&R. Instead, the second document (Dkt. 173), filed on March 12, 2013, reargues that U.S. Bank illegally foreclosed on her home and accuses Defendants' attorneys of frivolous conduct because they made "disingenuous statements." The Court rejects these arguments. The Court has already ruled that Plaintiff's claims contesting her foreclosure are barred by res judicata and enjoined her from re-litigating her foreclosure. 7/16/2012 Order at 5, 18. Plaintiff also does not specify what statements were made by Defendants counsel; the accusation is bare.

The third document, filed March 15, 2013, is actually an amended complaint. Federal Rule of Civil Procedure 15(a)(2) requires a party either to obtain consent from the opposing party or seek leave from the court to amend a pleading. Here, Plaintiff did neither. Furthermore, when a plaintiff files an amended pleading after an adverse judgment, the plaintiff must shoulder the "heavier burden" of meeting the requirements of Rule 15 and the requirements of reopening the case under either Rule of Civil 59 or 60. Leisure Caviar, LLC v. U.S. Fish & Wildlife Serv., 616 F.3d 612, 616 (6th Cir. 2010). Plaintiff does not present new facts or make new arguments now, which is required to obtain relief from judgment under Rule 60. These are the same grounds on which the Court denied Plaintiff's other untimely, repetitive attempts to amend her complaint. 3/6/13 Order (Dkt. 171).

Plaintiff also filed a motion to amend typographical errors in her amended complaint (Dkt. 177). This is denied as moot.

that federal courts possess power under the All Writs Act to issue narrowly tailored orders enjoining repeatedly vexatious litigants from filing future state court actions without permission from the court." Newby v. Enron Corp., 302 F.3d 295, 301 (5th Cir. 2002). To determine whether such a pre-filing injunction is appropriate, courts examine (1) the history of vexatious or duplicative lawsuits; (2) the plaintiff's motive in pursuing the litigation; (3) whether the plaintiff was represented by counsel; (4) whether the plaintiff caused needless expense or posed an unnecessary burden on the courts and their personnel; and (5) whether other sanctions would be adequate. Orlando Residence Ltd. v. GP Credit Co., LLC, 609 F. Supp. 2d 813, 816-17 (E.D. Wis. 2009).

The R&R correctly found that the above-cited factors favor a pre-filing injunction. Plaintiff has a history of duplicative lawsuits challenging her foreclosure, see 7/16/2012 Order at 2 n.1 (Dkt. 145), which culminated in this Court barring her from attempting to re-litigate her case in federal court. Id. at 18. Subsequently, Plaintiff filed a new case challenging her foreclosure in a New York state court. Pl.'s New York state complaint (Dkt. 154-1). Plaintiff's conduct clearly exhibits duplicative litigation causing an unnecessary burden on the courts. Although Plaintiff is not represented by counsel and her motive may be a genuine concern to save her home, Plaintiff's conduct leads the Court to agree with the R&R that no other sanction would be adequate to stop her from re-litigating her foreclosure. For these reasons, the Court accepts and adopts the R&R.

The Court now turns to Plaintiff's other pending motions and denies them as follows. The motion for a continuance and the motion to compel discovery are denied as moot (Dkts. 164

and 167). Plaintiff's emergency motion for an injunction (Dkt. 165) is also denied because Plaintiff cannot meet the test for the issuance of an injunction.²

Accordingly, Defendants' motion sanctions (Dkts. 154 and 155) are granted in part and denied in part, as set forth below:

1. Plaintiff Grace Adams is permanently enjoined from commencing against Defendant AIG and/or the MERS Defendants any future state court action seeking to re-litigate claims and/or causes of action on which those Defendants have already prevailed in this Court without attaching to her first filing in any such action a copy of (i) this Opinion and Order; (ii) the February 13, 2013 R&R (Dkt. 161), and this Court's July 16, 2012 Opinion and Order (Dkt. 145).

2. The Court warns Plaintiff Grace Adams that if she violates the Court's injunctions she could be the subject of further sanctions or contempt of court, such as monetary fines and imprisonment. The Court directs Defendants to bring Plaintiff's violations of the Court's injunctions to the Court's attention. Furthermore, the Court reiterates its warning – made in its March 6, 2013 Order – that Plaintiff must desist from filing in this action improper papers

---

² A court may enter an injunction after balancing four factors:

(1) whether the movant has shown a strong likelihood of success on the merits;
(2) whether the movant will suffer irreparable harm if the injunction is not issued;
(3) whether the issuance of the injunction would cause substantial harm to others;
and (4) whether the public interest would be served by issuing the injunction.

Overstreet v. Lexington-Fayette Urban Cty. Gov., 305 F.3d 566, 573 (6th Cir. 2002). Plaintiff does not address these factors in any meaningful way, but rather lists legal conclusions and inapplicable case summaries and citations. The motion is another generalized attack on Defendants' foreclosure on her home and makes arguments that the Court has already rejected. See 7/8/2012 Order (Dkt. 145).

including, without limitation, any new complaints. If Plaintiff resumes the filing of improper papers, such as documents purporting to amend her complaint or assert claims against Defendants in this case, the Court will not hesitate to impose sanctions on its own motion, such as monetary fines <u>and</u> a filing bar.

SO ORDERED.

Dated: April 25, 2013  s/Mark A. Goldsmith
      Flint, Michigan  MARK A. GOLDSMITH
  United States District Judge

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on April 25, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager