UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GRACE ADAMS,

Plaintiff, Civil Action No. 12-10308

v. HON. MARK A. GOLDSMITH

SPRINGLEAF, et al.,

Defendants.
____________________/

**ORDER (1) STRIKING PLAINTIFF'S MOTION (DKT. 187), (2) STRIKING DEFENDANTS' RESPONSE AND MOTION FOR CONTEMPT (DKT. 188), (3) REVOKING PLAINTIFF'S IN FORMA PAUPERIS STATUS (DKTS. 4 and 5), and (4) IMPOSING SANCTIONS**

The matter presently before the Court is the document Plaintiff filed on August 5, 2013. Although labeled as a "motion," Plaintiff has in substance filed an amended complaint, which is, in a phrase, a "hideous sprawling mess." [1] In re Ocwen Loan Servicing, 491 F.3d 638, 641 (7th Cir.

---

[1] The caption of the motion is as follows:

> PLAINTIFF/APPELLANT GRACE ADAMS' 2ND MOTION TO SET-ASIDE DISMISSAL JUDGEMENT AND TO REINSTATE CASE AND FOR AN EXTENSION OF TIME TO RESPOND TO APPEAL, FOR INJUNCTION, AND FOR VIOLATION OF 31 USC § 3729 - FALSE CLAIMS ACT AND MCR 9.104 A (5) MATERIAL MISREPRESENTATION ,- MCR 2.114 (A). (B). (q. (D). (E). AND (FCivil Rico Federal Racketeering Act USC 18. 1961-1963 et seq.; Bankruptcy Fraud-18 U.S.c. § 151-157; 18 U.S.C. §§ 1341, 1343, and 1344

Pl.'s Mot. at 1 (Dkt. 187). Notably, the caption of the motion lists in typed print "United States Court of Appeals for the Sixth Circuit" with the case number 13-1727. Above this caption written in longhand is "United States District Court, Eastern District." It is unclear to the Court whether Plaintiff intended to file the motion in the court of appeals, instead of the district court. Nevertheless, after examining its contents, the Court construes the motion as a complaint because Plaintiff asserts new allegations against Defendants, as well as old allegations.


2007). For the fourth time, Plaintiff seeks to contest the foreclosure of her home in this case.[2] Defendants filed a combined response brief and motion for contempt (Dkt. 188), wherein they argue that Plaintiff has defied the Court's orders by filing this complaint and by litigating a case in the Eastern District of New York. Defendants demand that, at a minimum, the Court should order Plaintiff to reimburse Defendants the reasonable costs and attorney fees in responding to her lawsuit and filings and absolutely bar her from filing any more documents or other federal cases regarding her mortgage without leave of court. Id. at 6. Plaintiff filed an "Answer and Motion to Deny Defendants' Request for Sanctions" (Dkt. 189), which the Court construes as a reply brief to Defendants' response. In this document, Plaintiff asserts that the Defendants committed fraud under Michigan law in seeking to evict her from her residence and re-alleges that Defendants illegally foreclosed on her home. After due consideration, the Court will strike Plaintiff's motion and Defendants' response and motion, revoke Plaintiff's in forma pauperis (IFP) status, and impose a filing bar upon her in this case for the reasons set forth below.

As an initial matter, Plaintiff has again failed to carry her burden to file an amended complaint. See 3/6/2013 Order (striking Plaintiff's second and third complaints). Under Federal Rule of Civil Procedure 15, after the first 21 days of service of the original complaint, a plaintiff can only amend her complaint later with consent of the opposing party or upon the Court's leave. Fed. R. Civ. P. 15(a)(1)-(2). When a plaintiff files an amended pleading after an adverse

[2] In addition to the instant complaint, Plaintiff filed the initial complaint (Dkt. 1) and two successive complaints (Dkts. 166 and 169). This case is her fifth attempt to litigate the foreclosure on her property in this district. The previous four cases are Adams v. Wilmington Finance, et al., No. 07-15494 (Cox, J.) (filed 12/27/2007, terminated 12/15/2009); Adams v. U.S. Bank, No. 10-10567 (Duggan, J.) (filed 2/1/2010, terminated 7/1/2010), Adams v. U.S. Bank, No. 10-12481 (Tarnow, J.) (filed 6/23/2010, terminated 3/18/2011), Adams v. Mortg. Elec. Registration Sys., No. 11-14791 (Duggan, J.) (filed 10/31/2011, terminated 1/12/2012).

judgment, the plaintiff must shoulder the "heavier burden" of meeting the requirements of Federal Rule of Civil Procedure 15 and the requirements of reopening the case under either Federal Rule of Civil Procedure 59 or 60.  Leisure Caviar, LLC v. U.S. Fish and Wildlife Serv., 616 F.3d 612, 616 (6th Cir. 2010).

Here, the motion is in reality a complaint that re-asserts allegations and claims Plaintiff has already litigated and lost.   Plaintiff did not obtain Defendants' consent or leave of the Court.   The Court has also already denied Plaintiff's motions for relief under Rules 59 and 60, 10/11/12 Order (Dkt. 154), and Plaintiff presents no new facts or arguments that relate to those rulings. Furthermore, to the extent that Plaintiff alleges new conduct regarding any alleged fraud or misrepresentation by Defendants in the state-court eviction proceedings, any such conduct is irrelevant to Plaintiff's conduct in the instant case regarding her mission to re-litigate claims that have been dismissed.  Plaintiff has not met her burden under Rules 15, 59, or 60 and her latest complaint must be struck (Dkt. 187).

Furthermore, the Court is constrained to strike Defendants' response brief and motion for contempt.   Rule 5(e) of the Eastern District of Michigan Electronic Filing Policies and Procedures provides that, a "response or reply to a motion must not be combined with a counter-motion. Papers filed in violation of this rule will be stricken."    The Court therefore strikes the response and counter-motion (Dkt. 188).

However, the Court is aware of Plaintiff's conduct in this case and, upon review of the docket, the Court notes that Plaintiff proceeds before the Court IFP.  See 2/3/2012 Orders (Dkts. 4 and 5).  It is well-established that proceeding IFP "is a privilege and not a right."  Camp v. Oliver, 798 F.2d 434, 437 (11th Cir. 1986).  Courts have discretion to revoke the privilege of

proceeding IFP "when it no longer serves its goals." Treff v. Galetka, 74 F.3d 191, 197 (10th Cir. 1996). Federal courts have inherent powers to impose appropriate sanctions to deter re-litigation of the same lawsuit and frivolous and vexatious litigation. McGhee v. Bridenstine, No. 1:10-748, 2010 WL 3609106, at *4 (W.D. Mich. Aug. 9, 2010). In cases where pro se plaintiffs have continued to file frivolous papers, courts have not hesitated to "deny a vexatious litigant permission to proceed in forma pauperis." Atchinson v. Farrell, 230 F.3d 1357 (Table), at *2 (6th Cir. 2000).

The United States Supreme Court has recognized the problems caused by abusive litigants, stating that "[e]very paper filed" with the Court, "no matter how repetitious or frivolous, requires some portion of the institution's limited resources. A part of the Court's responsibility is to see that these resources are allocated in a way that promotes the interests of justice." In re MacDonald, 489 U.S. 180, 184 (1989). "Frivolous, vexatious, and repeated filings by pro se litigants interfere with the orderly administration of justice by diverting scarce judicial resources from cases having merit." United States ex rel. Verdone v. Cir. Ct. for Taylor Cnty., 73 F.3d 669, 671 (7th Cir. 1995). Plaintiff's pro se status does not give her "a license to harass others, clog the judicial machinery with meritless litigation, and abuse already overloaded court dockets." Thanedar v. Time Warner, Inc., 352 F. App'x 891, 900 (5th Cir. 2009). When faced with repetitive and abusive conduct, courts have imposed a filing bar upon the litigant. See, e.g., Lawton v. Higgins, No. 08-4080-SAC, 2009 WL 151562 (D. Kan. Jan. 22, 2009) (imposing filing bar upon abusive litigant requiring leave from court to file additional papers, including statements that (i) motion did not involve allegations that had been litigated in the case, and (ii) that litigant's new allegations were not frivolous or made in bad faith).

Here, Plaintiff filed her latest complaint in direct contravention of the Court's April 25, 2013 Order. In that Order, the Court stated that

> Plaintiff must desist from filing in this action improper papers including, without limitation, any new complaints. If Plaintiff resumes the filing of improper papers, such as documents purporting to amend her complaint or assert claims against Defendants in this case, the Court will not hesitate to impose sanctions on its own motion, such as monetary fines and a filing bar.

4/25/2013 Order at 4-5 (Dkt. 178) (emphasis in original).

This is the third time that Plaintiff has filed a facially frivolous complaint after the dismissal of the case, in addition to numerous other frivolous filings that pepper the docket.[3] Clearly, Plaintiff has not been deterred by the dismissal of her claims, the sanctions already imposed by the Court, and the Court's unambiguous warnings. Plaintiff has abused the privilege of proceeding IFP. In lieu of monetary sanctions at this time, the Court orders the following:

1. Plaintiff's IFP status is revoked.
2. If Plaintiff wishes to continue to file papers in this case, she must tender $350, the amount of the filing fee she avoided at the time she initiated this case, and proceed like any other fee-paying civil litigant.

---

[3] As Defendants point out, Plaintiff also filed a similar, if not identical, action in New York state court on August 6, 2012. Adams, et al. v. U.S. Bank, et al., No. 13-14154, Notice of Removal (Dkt. 1). This action preceded the Court's sanctions barring Plaintiff from filing future state-court actions. 4/25/2013 Order at 4 (Dkt. 178). Defendants removed the New York state action to the District Court for the Eastern District of New York, which transferred the case to this Court. Plaintiff then filed a "motion to remand" the case back to the Eastern District of New York on October 3, 2013. Adams, et al. v. U.S. Bank, et al., No. 13-14154, Pl.'s Mot. (Dkt. 7). Also on October 3, 2013, Plaintiff filed an identical "motion to remand" in the instant case, demanding that the Court "remand this Case Nos. 12CV4640/12CV4646 back to the Eastern District of New York Court." Adams, et al. v. U.S. Bank, et al., No. 12-10308, Pl.'s Mot. at 1 (Dkt. 192). In light of Plaintiff's clear error in filing her motion to remand in the instant case and the parties' stipulation to the dismissal with prejudice of the case transferred from the Eastern District of New York, see Adams, et al. v. U.S. Bank, et al., No. 13-14154, 10/21/2013 Order (Dkt. 14), the Court summarily denies Plaintiff's motion to remand (Dkt. 192).

3. After paying the filing fee, Plaintiff is precluded from filing, without leave of court, any new complaints, motions, or requests in this case based on the same allegations or grounds that have been decided in the Court's prior orders. Before Plaintiff may file any such motion or request for relief in this court, she must ask for leave of the Court to file the same.

4. In seeking the Court's leave, Plaintiff must comply with the following requirements:

   (a) Plaintiff must file a "Motion for Court Order Seeking Leave to File" and attach to it a copy of her proposed motion or request.

   (b) As an exhibit to that motion, Plaintiff must attach a declaration under penalty of perjury prepared pursuant to 28 U.S.C. § 1746 or a sworn affidavit certifying (i) that her motion does not involve allegations or grounds that have been decided or litigated in this case, and (ii) that her new allegations and grounds are not frivolous or made in bad faith.

5. The Court will strike all motions or requests filed by Plaintiff if she fails to pay the filing fee or files without leave of the Court. The Court will deny summarily all requests for leave that do not comply with all of the above conditions. If the Court grants leave to file a proposed motion or request, Plaintiff shall serve each Defendant with a copy of her motion and a copy of the order granting leave to file it.

6. The court retains authority to modify this injunction as circumstances may

require, such as the imposition of monetary fines or the awarding of costs and attorney fees to Defendants.

SO ORDERED.

Dated: November 7, 2013
Flint, Michigan

s/Mark A. Goldsmith
MARK A. GOLDSMITH
United States District Judge

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on November 7, 2013.

s/Deborah J. Goltz
DEBORAH J. GOLTZ
Case Manager